VAZQUEZ v. A. H. BULL
STEAMSHIP CO.

United States District Court
S. D. New York.
April 3, 1950.

Harold Guttman, New York City, attorney for plaintiff.

Kirlin, Campbell, Hickox & Keating, New York City, attorney for defendant.

Nathaniel L. Goldstein, Attorney General of N. Y., attorney for Industrial Commissioner of N. Y.

NOONAN, District Judge.

This is a motion made on behalf of the Industrial Commissioner of the State of New York to vacate and set aside a Subpoena Duces Tecum directed to the Division of Placement and Unemployment Insurance, Department of Labor, of the State of New York.

In this case, the seaman plaintiff has set forth two causes of action against the defendant in his complaint. The first is under the Jones Act, Title 46 U.S.C.A. § 688, to recover damages for alleged injuries, the second is to recover for maintenance and cure.

The Subpoena Duces Tecum directs the Division of Placement and Unemployment Insurance Department of Labor, State of New York, to produce its complete file on Artemio T. Vazquez, the plaintiff, at the trial of this action.

However, during the oral argument of this motion, the defendant limited its request to the production of those records which would reflect the amounts and duration of benefits paid to the plaintiff since September 1, 1949.

The movant urges that this subpoena be set aside by reason of the povisions of Sec. 537, New York Labor Law, Consol.Laws, c. 31.

"§ 537. Disclosures prohibited.

"1. Use of information. Information acquired from employers or employees pursuant to this article shall be for the exclusive use and information of the commissioner in the discharge of his duties hereunder and shall not be open to the public nor be used in any court in any action or proceeding pending therein unless the commissioner is a party to such action or proceeding, notwithstanding any other provisions of law. Such information insofar ·as it is material to the making and determination of a claim for benefits shall be available to the parties affected and, in the commissioner's discretion, may be made available to the parties affected in connection with effecting placement.

"2. Penalties. Any officer or employee of the state, who, without authority of the commissioner or as otherwise required by law, shall disclose such information shall be guilty of a misdemeanor."

520

In support of this contention, great reliance is placed on the decision of Andrews v. Cacchio, 264 App.Div. 791, 35 N.Y.S.2d 259, 260. In that case, plaintiff sued for personal injuries sustained through the negligence of defendant. The defendant through a subpoena duces tecum sought the production of all records, books, checks, entries and statements from the Division of Placement and Unemployment Insurance pertaining to the plaintiff, for a stated seven week period. The court held that these records need not be produced.

■■■ This Court, while acknowledging the soundness of the decision in the Andrews case, must distinguish it from the present case, on the facts. As was mentioned above, the defendant here only seeks those records which would indicate if the plaintiff did in fact receive benefits from the Division of Placement and Unemployment Insurance, and the amounts and duration thereof. Clearly this is not information acquired from employers or employees and as such its disclosure here is not prohibited by Section 537, New York Labor Law. The Court is not unmindful of the language in Andrews v. Cacchio, supra: "While the act does not disclose the object of the Legislature, it undoubtedly was to prevent exposure to public gaze of the names of applicants who are receiving benefits under the auspices of the statute and under which the employer bears the burden."

However, this is dicta, nurtured by the waters of speculation, and so is not binding here. Title 28 U.S.C.A. § 1652.

In Simpson v. Oil Transfer Corporation, D.C., 75 F.Supp. 819, also relied upon by the movant, the disclosure sought was one clearly prohibited by the statute and rightfully denied.

This motion is denied, on the condition that defendant amend its subpoena duces tecum so as to limit it to the production of records that would indicate whether or not any benefits had been paid to the plaintiff and the amounts and duration thereof since September 1949.