Hillsborough, ⎫
Dec. 2, 1952. ⎬  No. 4127.
‍

ANTOINETTE MARCEAU *v.* ORANGE REALTY, INC.

*Chretien & Craig* and *John W. King,* for the plaintiff, filed no brief.

*James M. Riley, Jr.* and *Winslow H. Osborne* (*Mr. Riley* orally), for the Director of Security.

*Sheehan, Phinney & Bass* and *William S. Green* (*Mr. Green* orally), for the defendant.

DUNCAN, J. Section 9 G of the Unemployment Compensation Act (R. L., *c.* 218) as amended, requires that employing units keep certain records, which shall be open to inspection and copy by the Commissioner. It also provides that reports may be required from any employing unit with respect to persons employed, where "necessary for the effective administration" of the act. The section continues: "Information thus obtained or obtained from any individual pursuant to the administration of this chapter shall be held confidential and shall not be published or be open to public inspection (other than to employers and public employees in the performance of their public duties) in any manner revealing the individual's or employing unit's identity. . . ." R. L., *c.* 218, *s.* 9 G, as amended by Laws 1949, *c.* 185, *s.* 13. Other provisions of the section impose a penalty for violation of the section by department employees; and it is further provided that no action for slander or libel shall be predicated upon information furnished to the Commissioner in connection with the administration of the chapter. *Ib.* The Director takes the position that the records which the defendant's subpoena required to be produced are privileged against disclosure by virtue of the quoted provisions.

The fundamental reason for creating a testimonial privilege in favor of records of the division would be to encourage disclosure to the division of information which is needed for the conduct of its functions. VIII Wig. Ev. (3rd *ed.*) *s.* 2377. The Director suggests as an additional basis for the privilege a legislative purpose to relieve the division of the burden of producing its records for the benefit of private litigants. The issue is one of the intention of the Legislature. It was clearly intended that the records should not be public records by reason of being open to public inspection. It is plain that they may not be published in a way which will disclose the identity of employers or employees. They are also "confidential," at least in the sense that they are not to be voluntarily

disclosed by the department or its employees. They are nevertheless expressly thrown, open to inspection by employers; and information thus obtained could doubtless be used by employers in resisting claims by employees at common law or under the Workmen's Compensation Law (see s. 3 C). It is by no means plain however that use of the records in evidence in judicial proceedings was intended to be forbidden, provided they are not sought as a basis for an action for slander or for libel.

Examination of the statute in its original form satisfies us that the amended statute is not intended to excuse production of the division records in response to judicial · summons. As originally enacted the section in question provided: "Information secured from employers or employees pursuant to this chapter shall not be open to the public *nor be used in any court in any action or proceeding pending therein* unless the commissioner . . . is a party . . . . " (Emphasis supplied) Laws 1935, c. 99, s. 45. In *Andrews* v. *Cacchio,* 264 App. Div. (N. Y.) 791, a substantially identical provision (30 Consol. Laws · New York, Labor Law, s. 537) was held to preclude use of such records in private litigation. The provision against use of the information in court was stricken from the New Hampshire act however by the amendment of 1937 (Laws 1937, c. 178), and language substituted which did not vary materially from the present form of the section. Thus language which clearly had the effect contended for by the Director has been replaced by other language which does not require the interpretation urged.

It is well settled that statutory privileges of the nature here involved will be strictly construed. It should plainly appear that the benefits of secrecy were thought to outweigh the need for the correct disposal of litigation. VIII Wig. Ev., *supra, s.* 2285. See *White M't'n &c. Co.* v. *Murphy,* 78 N. H. 398, 400. "These statutory provisions . . . should be strictly construed, when invoked for the limitation of judicial inquiry, and are subject to the right of every litigant to call for and produce evidence affecting his substantial rights." *Maryland &c. Co.* v. *Clintwood Bank,* 155 Va. 181, 193. See also, cases collected in anno. 165 A. L. R. 1302, 1308, 1321; *Vazquez* v. *A. H. Bull Steamship Co.,* 91 F. Supp. 518.

The obligation of every member of the community, regardless of inconvenience or disinclination to disclose information required in the administration of justice which may benefit third parties is one which is declared by the Constitution. *Boston & Maine R. R.* v.

*State,* 75 N. H. 513. See also, *Lefebvre* v. *Somersworth Co.,* 93 N. H. 354, 356; VIII Wig. Ev., *supra,* s. 2192. The obligation should not be limited without a clear legislative mandate. Accordingly, we hold that the present statute does not furnish a privilege against production of department records for use in judicial proceedings, or against testimony relating to the records.

Production of the records and testimony concerning them, under the circumstances of this case will not expose the witness to the penalties provided by the section. "The evil intended to be forestalled and prevented by this clause of the statute was the voluntary imparting by State employees of information so acquired. . . . It was not intended to impede the administration of justice in the courts by the suppression of pertinent testimony." *Maryland &c. Co.* v. *Bank, supra,* 194.

*Exception overruled.*

All concurred.