**118**

LOUIS GUITARINI & a.

*v.*

THE MACALLEN COMPANY.

*Henry M. Fuller* (by brief and orally), for the plaintiffs.

*Richard E. Shute* (by brief and orally), for the defendant.

GOODNOW, J. Claims for negligence rest primarily upon a violation of some duty owed by the offender to the injured party. *Duncan* v. *Company*, 91 N. H. 349, 350. "If there is no duty there is no negligence." *Stevens* v. *Manchester*, 81 N. H. 369. The sole question presented here is whether one who undertakes to employ an independent contractor owes a duty, to such persons as may thereafter furnish labor and materials on the order of the contractor in the performance of the work, to exercise ordinary care in selecting a contractor who is competent to perform his financial obligations to those persons.

The relation of the parties determines whether any duty to use due care is imposed by law upon one party for the benefit of another. "If there is no relationship, there is no duty." *Garland* v. *Railroad*, 76 N. H. 556, 565. The plaintiffs assert that such a relationship exists between a subcontractor and the employer of an independent contractor as to impose a duty upon the employer to select a contractor of financial competency. In support of this position, they urge an extension of the doctrine that requires one who employs an independent contractor to do work which involves risk of bodily harm to others unless skillfully and carefully done to exercise reasonable care in selecting a competent contractor (Restatement, Torts, *s.* 411).

This contention overlooks one of the important bases on which the duty is imposed in the latter situation. The third party who may be harmed if the work is not performed with due care is neither aware of the risk nor can he avoid it. As between a third person in this situation and the employer who can anticipate the risk and, by the exercise of due care, avoid it, the law recognizes a relationship. It imposes the duty on the employer to use ordinary care in selecting a contractor who is competent to do the work. In the case at bar, the third party, in whose favor a duty is sought to be imposed on the employer, is the subcontractor. The risk against which protection is sought is nonpayment as a result of the contractor's breach of his contract with the subcontractor and not the contractor's lack of due care. The subcontractor does business with the contractor directly and by his own choice. He sets his price and the terms of payment. Primarily he relies for payment upon the credit of the contractor, some knowledge of which is as readily available to him as to the employer. He voluntarily assumes the risk that he may not be paid, a risk which is a recognized element of business, known to him before he extends credit to the contractor. Unlike the third person under the accepted doctrine, the subcontractor is fully aware of this risk. Furthermore, he is able to avoid it. Even after he has undertaken the risk in the first instance, he is not obliged to continue in reliance upon the contractor's credit but may fully secure the amount due him through the seasonable placing of a lien on the employer's property. R. L., *c.* 264, *ss.* 15, 16.

It is neither claimed nor alleged that the employer represented to the subcontractor that the contractor was financially responsible. Its hiring of the contractor is not such a representation. Whether

an employer has any duty to anticipate and guard against any wrong of his contractor other than the contractor's lack of due care in performance of the work is a question upon which no opinion is expressed. It is sufficient for determination of this case that the third person here involved was not only aware of the particular risk, against which protection is sought, before he encountered it but was fully able to protect himself against injury therefrom. Under these circumstances, no such relationship exists between the employer and the subcontractor as to impose the proposed duty upon the employer. *Cf. Cote* v. *Litawa,* 96 N. H. 174.

The plaintiffs have no cause of action against the defendant upon their pleadings. In accordance with the stipulation of the parties:

*Judgment for the defendant.*

All concurred.