50 N.J. Super. 607 (1958)
143 A.2d 4
DAVID MOLDOFF, PLAINTIFF,
v.
MAR-DALE MANOR, INC., A CORPORATION, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 13, 1958.
Mr. W. Louis Bossle, attorney for the plaintiff.
Messrs. Kisselman, Devine & Deighan, attorneys for the defendants (Mr. Neil F. Deighan, Jr., appearing).
SCHALICK, J.S.C.
Motion was filed by the defendants in this cause to require a deposit, by the plaintiff, as security *608 for reasonable expenses including counsel fees, pursuant to N.J.S.A. 14:3-15. Both parties have filed briefs in support of their contentions.
Counsel for the plaintiff has asserted that the provision of R.R. 4:55-7 has superseded the provision of the statute referred to, in that such a requirement would, in effect, permit indirectly that which the rule prohibits directly. On the other hand, counsel for the defendants insists that the statute contemplates security for reasonable expenses, which also includes counsel fees.
The court determines that the rules do not supersede the statute, and that the purpose of the statute is an obvious one to require the plaintiff to give security for the reasonable expenses, including counsel fees, which may be incurred by it in connection with the action if the action is instituted or maintained by the holder of shares of less than 5% of the aggregate par value or stated capital value of all outstanding shares of the corporation's stock, &c. The Legislature intended that one of the conditions, on the bringing of suit by a holder of a minimum number of shares, should be to require him to give security for reasonable expenses which may be incurred by the corporation in connection with such action and by the other parties defendant.
It is the determination of the court that the term "including counsel fees" is inserted for the purpose of defining the counsel fee as a reasonable expense and is certainly in line with the recent decisions of our courts which give effect to the inclusion of certain counsel fees as a reasonable expense.
It is my opinion that the rule is not intended to apply to a case of this kind but is only applicable where allowance is to be made for legal services which are not limited to the classification of reasonable expenses incident to a suit. The court is not, by this determination in requiring the deposit of the security, allowing counsel fees for legal services but is only giving effect to the legislative enactment to the conditions upon which such a suit may continue, and one of those conditions is that the plaintiffs are to give security for the reasonable expenses, including counsel fees. Whether or not *609 counsel fees are allowable at a later stage in this cause is not now before the court.
In many phases of the law it is true that the moving parties must meet with the demands of the statute, otherwise they cannot legally proceed. Furthermore, the mere fact that equity has a right to compel a corporation, in a derivative action, to reimburse its officers and directors for their entire expense including counsel fees is likewise not a subject for the court's concern at this time.
It is my opinion, under the statute, the security is for reasonable expenses, and that one item of reasonable expense is counsel fees. This is distinguished from the allowance of counsel fees as a part of the taxed costs. Reasons underlying the provisions of the statute are so obvious, in that they so clearly define the cases in which the security is required, that the court does not consider it necessary to delineate them.
For these reasons it will be the order of the court that the plaintiff shall be required to give security for the reasonable expenses including counsel fees, pursuant to the provisions of the statute, in the amount of $1,200.