Rockingham,
No. 5628.

LAWRENCE M. DOUGLAS

*v.*

JAMES H. CONNOR.

Argued December 5, 1967.
Decided January 30, 1968.

*Wayne J. Mullavey* for Lawrence M. Douglas filed no brief.

*Seth M. Junkins* ( by brief and orally ), for James H. Connor.

GRIMES, J. Some time in 1960, Lawrence M. Douglas, a building contractor, contracted in writing to build a house in Hampton, New Hampshire for James H. Connor. Neither the contract nor any specifications were produced at the trial. There seems to be no dispute that after the completion of the original contract Douglas was asked to do some extra work for which he has not been paid. The verdict in his favor in the amount of $576 was justified by the evidence and is not before us.

The problem before us is limited to the question whether the evidence compelled a finding that the verdict in favor of Connor was against the evidence or the weight of the evidence because it did not include a finding of negligence and damages for failure to install a check valve in the sewer line.

There was evidence that the sewer line into the Connor house was only two feet above the main sewer line in the street and that the superintendent of sewers had told Douglas that it was a source of potential trouble in case the main line should "ever plug up" and that Douglas had told the superintendent he was going to put a check valve in. It was undisputed that at some time several

months after completion of the house, a toilet would not flush and when a plumber who had determined that a sewer line in the cellar was full of liquid removed a plug, the liquid ran into the cellar, causing damage. There was evidence that some of the sewage came in from outside the house and that a pumping station on the main sewer line had been out of order, causing a back-up of the sewage into Connor's line, and that a check valve would have prevented this, although the plumber expected some liquid to flow out of the opening from the lines within the house and had arranged for containers to catch that liquid.

There was evidence, however, that it was not customary to install check valves and that there was only one in the entire town of Hampton. Douglas denied having any conversation with the superintendent about a check valve and it was not called for in the specifications. While Douglas said that he was aware of the "small drop" in the sewer line, he said that he knew of several others in town which were similar and he didn't expect any problems. He testified that Connor never complained about the sewer line until he brought suit to recover the balance due him for extras. There was also evidence that when the cellar was being constructed, there was a water problem which required using crushed stone for drainage and that Douglas consulted Connor about it but did not consult him about a check valve.

Since a check valve, which is rarely installed, was not called for in the specifications or contract, Douglas had no obligation under the contract to provide one and is not liable for damage resulting from defects in the specifications. See Annot. 88 A.L.R. 797. Connor contends, however, that Douglas was negligent in not informing him of the need for such a valve as he did with respect to the drainage problem around the foundation. Even if there is a duty on the part of a contractor to inform the owner of defects in the specifications or of dangerous conditions calling for special safeguards not provided for in the specifications, a finding of a breach of such a duty was not compelled in this case. The burden of proof was on Connor on this issue. The master was entitled to believe Douglas when he testified that he did not have any conversation about the need for a check valve and that there was no reason for him to expect trouble with the sewer. See *Callaghan* v. *Callaghan*, 108 N. H. 264.

The evidence did not compel a finding that the risk of damage

was such as to require notice to Connor. *Flynn* v. *Gordon,* 86 N. H. 198, 201; *La Fontaine* v. *St. John,* 92 N. H. 319, 321; *Quint* v. *Porietis,* 107 N. H. 463, 465.

*Exceptions overruled.*

All concurred.