Board of Claims
No. 78-180

LEONARD S. SOUSA

v.

THE STATE OF NEW HAMPSHIRE
SWEEPSTAKES COMMISSION

May 9, 1979

*Green & Green*, of Manchester (*Leonard S. Green* orally), for the plaintiff.

*Thomas D. Rath*, attorney general (*Deborah J. Cooper*, assistant attorney general, orally), for the defendant.

BOIS, J.   This is an appeal pursuant to RSA 541:8 by the defendant, State of New Hampshire Sweepstakes Commission (commission), from a decision of the New Hampshire Board of Claims (board).

On December 28, 1977, the plaintiff, Mr. Sousa, purchased three tickets to the daily numbers game conducted by the defendant. Mr. Sousa, who was familiar with the sweepstakes betting procedures requiring the purchaser to mark his own ticket, properly filled out two tickets, correctly indicating the number selection, bet selection, and number [of] days play. In completing the third betting ticket, however, he failed to mark the bet selection. The clerk who accepted the bet, an employee at a State liquor store ticket sales outlet, stamped the three tickets purchased by the plaintiff, and collected the money to be wagered without noticing the omission and the resulting faulty wager.

The number selected on all three tickets won. The defendant honored the two properly marked tickets. Based on its rules and regulations adopted pursuant to RSA 284:21-i (Supp. 1977) and on the fact that it was unable to determine which of the eleven possible combinations of bets had been made, the commission refused payment on the incomplete and faulty wager.

The plaintiff filed a claim with the board pursuant to RSA ch. 541-B (Supp. 1977) alleging not only breach of contract but also negligence on the part of the commission and its agent. A hearing was held. The board acknowledged its lack of jurisdiction over contractual disputes, see RSA 541-B:9 (Supp. 1977), "but voted to allow the claim . . . based on comparative negligence" and awarded one-half of the amount claimed by the plaintiff.

The plaintiff challenges the commission's right to appeal "[u]nder the procedures set forth by the Board of Claims, and pursuant to the purpose of the law and the intention of the Legislature." He argues that pursuant to RSA 541-B:10 IV (Supp. 1977), the words "shall only be subject to a judicial appeal by the petitioner in accordance with RSA 541" preclude the State from appealing as "the state is never a petitioner." We disagree with plaintiff's reading of the statute.

■ The legislature has designated the RSA ch. 541 appeals procedure as the proper vehicle for challenges to judgments of the board of claims. We have held "that the legislature intended that any person, individual, or corporation (bodies corporate and politic), *whose rights may be directly affected,* may have recourse to the provisions of RSA 541:8." *Melton v. Personnel Comm'n,* 119 N.H. 272, 401 A.2d 1060 (1979) (emphasis in original). The commission herein is a party whose rights are directly affected by the decision of the board and we hold that it has standing to appeal under RSA ch. 541.

Turning to the merits of the case, we note that the board based its award upon an application of the comparative negligence statute, RSA 507:7-a (Supp. 1977), after a finding that both the plaintiff and defendant had been negligent. The plaintiff submits that the result is just and reasonable.The defendant commission argues, however, that "plaintiff's negligence was the direct cause" of the loss or damage and that the "finding of comparative negligence is therefore unreasonable, unlawful and unsupported by the evidence."

■ ■ "Claims for negligence rest primarily upon a violation of some duty owed by the offender to the injured party. 'If there is no duty, there is no negligence.' " *Guitarini v. Macallen Co.,* 98 N.H. 118, 95 A.2d 784, 785 (1953), *quoting Stevens v. City of Manchester,* 81

N.H. 369, 127 A. 873 (1924) (citation omitted). The record and exhibits before us fail to reveal any evidence of any obligation or duty that required either the defendant or its agent to assure that the plaintiff correctly completed his bet.The board, therefore, erred as a matter of law when it found negligence on the part of the defendant commission.When there is no legal duty, there can be no breach of duty, and no finding of negligence. *See Paquette v. Joyce*, 117 N.H. 832, 379 A.2d 207 (1977); *MacLean v. Parkwood, Inc.*, 247 F. Supp. 188 (D.N.H. 1965), *aff'd*, 354 F.2d 770 (1st Cir. 1966). Because we hold that the defendant was not negligent, we need not consider other issues raised by the parties.

*Petition for reversal granted;*
*judgment for the defendant.*

All concurred.