**Donald E. BAKER**

v.

**Mario CESTARI.**

**Civ. No. 83–303–D.**

United States District Court,
D. New Hampshire.

Sept. 8, 1983.

---

Donald E. Baker, pro se.

Robert A. Stein, Concord, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

May one not called as a trial witness be required to respond in money damages to an unsuccessful litigant for failure to preserve evidence favorable to such litigant? That is the question posed at this stage of this lawsuit.[1] For reasons hereinafter detailed, it must be answered in the negative. The salient facts[2] are as follows.

On July 13, 1979, in Stratham, New Hampshire, plaintiff Donald E. Baker shot and severely wounded his estranged wife, Karen Cestari Baker. Charged with the offense of attempted murder, he raised a

---

**1.** On August 25, 1983, the defendant filed in addition to his answer motions seeking respectively dismissal and summary judgment. The date of such filing was beyond that afforded defendant (to August 17, 1983) by the Magistrate's favorable ruling on defendant's motion seeking extension of time. Plaintiff accordingly filed herein on September 6 his motion seeking the entry of default pursuant to Rule 55(a), Fed.R.Civ.P. The general disfavor in which default judgments are held in this Circuit, *Affanato v. Merrill Brothers,* 547 F.2d 138 (1st Cir.1977), and the discretion afforded the Court to grant additional time for a party to plead or otherwise respond, 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2682, p. 408 (1983), combine to mandate that the plaintiff's motion for entry of default be, and it is herewith, denied.

**2.** The facts are in large part gleaned from the extensive (5 volumes) transcript of plaintiff's criminal trial held in the Superior Court of Rockingham County, New Hampshire, in late November and early December of 1979. Said transcript has been filed in connection with plaintiff's pending (on motion for reconsideration before Loughlin, J.) habeas corpus petition, 28 U.S.C. § 2254, Civ. No. 82–702–L, *Baker v. Perrin.* As part of the files of this court, such transcript contains factual material of the type of which federal courts are particularly apt to, and of which this Court does, take judicial notice, pursuant to Rule 201, Fed.R.Evid. *See* 1 Weinstein's Evidence ¶ 201[03], pp. 201–29, 30 (1982).

defense of insanity, but his conviction after jury trial was affirmed on appeal. *State v. Baker,* 120 N.H. 773, 424 A.2d 171 (1980).

For some period of time prior to the shooting, Baker had made what he describes as "irrational" telephone calls to his estranged wife. T I, 116, 120, 122.[3] At the suggestion of a local police officer, T I, 76, Mrs. Baker had tape recorded some of these telephone conversations. T II, 58–62; T V, 193–95. After she had been shot, she gave these tapes to the defendant herein, her natural father, Mario Cestari. T II, 60–61. Mr. Cestari removed these tapes to his New York residence, played them, and subsequently destroyed them. T II, 60–62.

█ Though Cestari was present in the course of plaintiff's criminal trial, T V, 194, no attempt was made to call him as a witness[4] and thus to elicit from him any recollection he might have as to the contents of the tapes.[5] Accordingly, the right afforded by some statutes which permit the recovery of damages from witnesses who fail or refuse to testify or produce evidence upon request, *see* N.H. RSA 516:6; 81 Am. Jur.2d, Witnesses § 28.5, pp. 54, 55, has no application to this litigation. While it is the constitutional duty of every citizen to disclose information required in the administration of justice which may benefit third parties, *Marceau v. Orange Realty, Inc.,* 97 N.H. 497, 499, 92 A.2d 656, 657 (1952), the litigant seeking such evidence must, as a condition precedent, make a call upon the witness for the production thereof. 81 Am. Jur.2d, Witnesses, *supra.*

Plaintiff here urges, however, that, although no summons was served upon defendant, nor was defendant voluntarily called to testify as to the contents of the tape recordings, his destruction of the recordings, standing alone, entitles the plaintiff to substantial damages.[6] But it is elemental that, for conduct to be legally wrongful, it must contravene some duty which the law attaches to the relation between the parties.[7] *Duncan v. Lumbermens Mutual Casualty Company,* 91 N.H. 349, 350, 23 A.2d 325, 326 (1941). Otherwise stated, "when there is no legal duty, there can be no breach of duty, and no finding of negligence". *Sousa v. State Sweepstakes Commission,* 119 N.H. 283, 285, 401 A.2d 1067, 1068 (1979) (citations omitted).

3. "T." refers to the transcript of Baker's criminal trial in the Rockingham County Superior Court. The Roman numeral refers to the volume of such transcript, and the arabic numerals refer to the pages of such volume of the transcript. "T II, 58–62", for example, refers to Volume II, pages 58 through 62 of the trial transcript.

4. In addition to the detailed testimony of Mrs. Baker as to the circumstances and contents of these tapes, one of plaintiff's expert psychiatrists, Dr. Liam O'Brien, apparently considered the telephone messages as supportive of his opinion that plaintiff was insane at the time of the shooting. T IV, 92, 93, 95.

5. Where in the course of criminal trials claims have been advanced that the destruction of tapes has deprived a defendant of due process, the courts have devised various methods of dealing with such contentions. *See, e.g., United States v. Bailleaux,* 685 F.2d 1105 (9th Cir. 1982); *United States v. Miranne,* 688 F.2d 980, 987–89 (5th Cir.1982), *cert. denied,* — U.S. ——, 103 S.Ct. 736, 74 L.Ed.2d 959 (1983); *United States v. Cochran,* 697 F.2d 600, 605–07 (5th Cir.1983), *reh'g en banc den.,* 703 F.2d 557 (5th Cir.1983). While such cases are, strictly speaking, relevant only to the claims for relief sought in the pending habeas corpus action, this Court mentions them in passing, as they shed some light on the circumstances here presented.

·6. Plaintiff claims that defendant destroyed the tapes not only because they would be favorable to plaintiff in his criminal trial, but also because they would be unfavorable to Mrs. Baker in his pending divorce action. Under the circumstances of the pending motions seeking dismissal, we assume, as required to do, that plaintiff's allegations are true, but the motive of defendant is not relevant in light of the factual circumstances in the record before the Court.

7. Plaintiff's *pro se* pleadings invoke the jurisdiction of this court pursuant to 28 U.S.C. § 1331 (federal question), § 1332 (diversity of citizenship), and § 1343(a)(3) (civil rights). There is, however, no merit to any claim that the actions of defendant here complained of were "under color of state law". The record demonstrates that his first contact with the tapes at issue occurred after his daughter was shot, at which point she transferred the tapes to the defendant.

■ It follows, therefore, that the general rule in the United States holds that a tort action cannot be maintained for injury stemming from either the withholding or concealment of documentary evidence or the perjury of another or by the procurement of a third person to commit perjury. 1 Speiser, Krause, and Gans, The American Law of Torts § 1:14, p. 44 (1983). And while suppression by the prosecution of material evidence favorable to an accused upon request violates due process, *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963), the Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses—its guarantee is of "compulsory process for obtaining witnesses in his favor". *United States v. Valenzuela-Bernal,* —— U.S. ——, 102 S.Ct. 3440, 3446, 73 L.Ed.2d 1193 (1982).

As above noted, this case is akin to those wherein witnesses who have been called to the stand testify falsely. While an accused's right to present his own witnesses to establish a defense "is a fundamental element of due process of law", *Washington v. Texas,* 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967), it has long been the rule in New Hampshire, *McGranahan v. Dahar,* 119 N.H. 758, 770, 408 A.2d 121, 129 (1979), and elsewhere, *see* Annot. 61 A.L.R.3d 1297, that witnesses who testify falsely or do not volunteer to testify are immune from damage actions. This is true whether such claims are grounded upon purported deprivation of constitutional rights, *Briscoe v. Lahue,* —— U.S. ——, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), or are claimed to constitute breaches of common law duties. *Stevens v. Rowe,* 59 N.H. 578

(1880). The rationale of this rule has been stated to be:

> Public policy, and the safe administration of justice, require that witnesses, who are a necessary part of the judicial machinery, be privileged against any restraint, except that imposed by the penalty for perjury.

*Id.* at 579, *quoted in McGranahan v. Dahar, supra,* 119 N.H. at 770, 408 A.2d at 129. *See also Sweet v. Middlesex Mutual Insurance Company,* 397 F.Supp. 1101, 1103 (D.N. H.), *aff'd without opinion,* 527 F.2d 642 (1st Cir.1975).

■ In short, defendant Cestari, having been neither summoned nor requested to testify with respect to the tape recordings of the telephone conversations between plaintiff and the then Mrs. Baker, owed no legal duty to plaintiff with regard to any items of evidence plaintiff might feel would have been favorable to him in either his criminal or his domestic relations actions.[8] There being no legal duty owed, the instant action must be and it is herewith dismissed for failure to state a claim upon which relief may be granted. Rule 12(b)(6), Fed. R.Civ.P.[9]

SO ORDERED.

---

**8.** Actually, plaintiff's instant action may have been prematurely brought, as it is recognized that even inherently wrongful conduct which serves to bring about a judgment is not actionable while the judgment is in force. *Sweeney v. Young,* 82 N.H. 159, 166, 131 A. 155 (1925). However, in light of the record before the Court at this juncture of the proceedings, the Court deems it wiser to now rule on the merits of this litigation.

**9.** The reasoning which has led to the result herein has made it unnecessary for the Court to consider the claims of the various parties concerning the legality of the taping of the telephone conversations without the consent of one party as required by the applicable provisions of N.H. RSA 570–A:2 I (Supp.1981). The Court, however, is familiar with this legislation. *United States v. Upton,* 502 F.Supp. 1193 (D.N. H.1980).