**Robert J. POOLER**

v.

**MAINE COAL PRODUCTS.**

Supreme Judicial Court of Maine.

Argued Sept. 4, 1987.
Decided Oct. 28, 1987.

Alan J. Levenson (orally), Levenson & Vickerson, Portland, for plaintiff.

C. Alan Beagle (orally), Beagle, Reiche & Ridge, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

(1954). The provision was also amended by P.L.1907, ch. 145.

WATHEN, Justice.

Plaintiff Robert J. Pooler appeals from a judgment entered on a jury verdict for defendant Maine Coal Products in the Superior Court (Cumberland County). On appeal, plaintiff contends *inter alia* that the presiding justice erred by refusing to give a requested jury instruction on the elements of an action for retaliatory discharge in violation of public policy. Plaintiff also contends that the presiding justice erred by admitting into evidence information contained in records of the Maine Unemployment Insurance Commission. We find no error and we affirm the judgment of the Superior Court.

The relevant facts may be summarized as follows: On December 11, 1984, defendant discharged plaintiff from employment for refusing to drive the truck assigned to him. Plaintiff claimed the truck was not safe to operate because the brakes locked up and the tires were bald. Defendant presented a qualified independent mechanic who testified that he inspected the truck on the same day and found that the vehicle met all state inspection standards.

Plaintiff brought an action in Superior Court against his former employer based on two theories. First, he claimed he was wrongfully discharged from his employment in violation of the Whistleblowers' Protection Act, 26 M.R.S.A. § 833 (Supp. 1986).[1] Second, he claimed a common law right of recovery for discharge in violation of public policy. At the conclusion of the trial, the court instructed the jury on the statutory claim but refused to instruct on the common law claim. Although plaintiff made a timely objection to the presiding justice's refusal to give the requested instruction, plaintiff stated no ground for his objection. Despite the court's statement that the requested instruction was essentially identical to the instruction given,

counsel failed to advance the argument that he now presents on appeal. Accordingly, plaintiff has waived the issue for purposes of appeal, M.R.Civ.P. 51(b); *Twin Island Development Corp. v. Winchester*, 512 A.2d 319, 324 (Me.1986), and we review this issue only under the obvious error standard.

We have never been required to determine whether Maine law recognizes a common law action for retaliatory discharge in circumstances where public policy is being contravened. *See Larrabee v. Penobscot Frozen Foods*, 486 A.2d 97, 100 (Me.1984); *MacDonald v. Eastern Fine Paper, Inc.*, 485 A.2d 228, 230 (Me.1984). We assume, without deciding, that the elements of such an action are accurately set forth in plaintiff's requested instruction. It is well established, however, that a party is not entitled to a requested instruction unless the matter "is not already sufficiently covered in the given charge, and unless the refusal to give it would be prejudicial to the requesting party." *Schneider v. Richardson*, 438 A.2d 896, 897 (Me.1981).

There is only one potentially significant difference between the requested jury instruction and the court's instructions with regard to the cause of action under the Whistleblowers' Protection Act. Under the Act, plaintiff is required to show that the violation of law would put either his or somebody else's health or safety at risk. Plaintiff contends he was prejudiced by the court's instructions because the jury could have found for him if he had not been required to prove the additional element.

We are not persuaded by a review of the record in this case that plaintiff has demonstrated an obvious error. In instructing the jury, the presiding justice stated that plaintiff must prove "the truck condition was such that it violated one of the motor vehicle laws as to safe operating condi-

---

1. The pertinent part of the Whistleblowers' Protection Act, 26 M.R.S.A. § 833 (Supp.1986) is as follows:

 An employer shall not discharge, threaten or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the employee has re-

fused to carry out a directive which in fact violates a law or rule promulgated pursuant to the laws of this State, a political subdivision of this State or the United States, when that violation would put at risk the health or safety of that employee or any other individual.

tions." Because plaintiff relied on no violation of law in his common law action other than a potential violation of the motor vehicle laws, he was not prejudiced by the imposition of the additional element required for the statutory cause of action. Had he successfully established that his operation of the truck would have resulted in a violation of the motor vehicle laws, he would necessarily have established the threat to the health or safety of himself or another.

 Plaintiff also contends that the presiding justice should not have admitted information from records of the Maine Unemployment Insurance Commission because of the confidentiality provision set forth in 26 M.R.S.A. § 1082(7) (1974 & Supp.1986).[2] In *Maine Sugar Indus., Inc. v. Maine Indus. Bldg. Auth.*, 264 A.2d 1 (Me.1970), we addressed a similar statute conferring confidential status on information supplied to the Maine Industrial Building Authority. In that case we concluded that where the statute contained no express provision barring use of the information in a judicial proceeding or in an investigation conducted by the Legislature, the statute "must be construed as prohibiting voluntary disclosure by the Authority but not as prohibiting mandatory disclosure either when required by a court of competent jurisdiction or when required by the intervenor Special Interim Legislative Committee." *Id.* at 6. We based our conclusion in part on an evaluation of decisions from other jurisdictions, including *Marceau v. Orange Realty*, 97 N.H. 497, 500, 92 A.2d 656, 657 (1952), in which the New Hampshire Supreme Court concluded the secrecy provision of the New Hampshire Unemployment Compensation Act prevented only voluntary disclosure. We adopt the rationale of *Maine Sugar Indus., Inc.* as it

applies to the confidentiality provision of the Maine Employment Security Law and conclude that section 1082(7) prevents only voluntary disclosure.

Plaintiff's remaining contentions are without merit and require no discussion.

The entry is:
Judgment affirmed.

All concurring.

---

**2.** The pertinent part of 26 M.R.S.A. § 1082(7) (1974 & Supp.1986) is as follows:

[T]he commissioner may require from any employing unit any sworn or unsworn reports, with respect to persons employed by it, which the commissioner deems necessary for the effective administration of this chapter. Information thus obtained or obtained from any individual pursuant to the administration of this chapter shall, except to the extent necessary for proper presentation of a claim, be held confidential and shall not be published or be open to public inspection, other than to public employees in the performance of their public duties, in any manner revealing the individual's or employing unit's identity, but the department shall, upon request, provide to any party to an adjudicatory proceeding information from the records relating to the proceeding.