Bergquist v. Thompson/Center Arms    CV-93-457-SD  01/04/96
                    UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


George Bergquist

        v.                                    Civil No. 93-457-SD

Thompson/Center Arms, Inc.


                              O R D E R


        In this diversity action, plaintiff George Bergquist asserts
five claims sounding in negligence against defendant Thompson/
Center Arms, Inc. (TCA) for injuries sustained at TCA's workplace
when two bundles of cardboard boxes fell and struck Bergquist.
        Presently before the court is TCA's motion for summary
judgment, to which Bergquist objects.


                          Factual Background

        The accident complained of herein occurred on or about
January 8, 1988.  Defendant's Amended Pretrial Statement at 1.
At that time Bergquist was employed by Rand-Whitney Container
Corporation as a truck driver and was delivering bundles of
cardboard boxes to TCA's place of business in Rochester, New
Hampshire.  Plaintiff's Pretrial Statement at 1.  Bergquist had
made regular deliveries of such bundles to TCA for five years

prior to the date of the accident, and had been making similar deliveries as a truck driver for Rand-Whitney since 1961.

On the day of the accident, Bergquist backed his truck almost completely inside TCA's warehouse building to the loading dock. Defendant's Memorandum of Law at 2. Although TCA's employees were responsible for unloading the truck, and typically did so using a forklift, the ordinary forklift operator was unavailable and a substitute forklift operator attempted to unload the truck. Since the substitute forklift operator allegedly experienced difficulties in lifting the bundles with the forklift, Bergquist provided verbal instructions on how to do so correctly. After several attempts, the operator successfully lifted the bundles and began to back out of Bergquist's truck. Id. at 2-3. Bergquist turned his attention turned away from the operator, but then heard the forklift operator yell "Look out!" Id. at 3. Immediately thereafter, he was struck by the bundle stack which fell off the forklift. The operator then approached Bergquist, said he was sorry, and said he did not know how to operate the forklift. Id. at 3-4.

## Discussion

### 1. Summary Judgment Standard

Summary judgment shall be ordered when "there is no genuine issue as to any material fact and . . . the moving party is

2

entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. Since the purpose of summary judgment is issue finding, not issue determination, the court's function at this stage "'is not [] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" Stone & Michaud Ins., Inc. v. Bank Five for Savings, 785 F. Supp. 1065, 1068 (D.N.H. 1992) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). Although "motions for summary judgment must be decided on the record as it stands, not on litigants' visions of what the facts might some day reveal," Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994), the entire record will be scrutinized in the light most favorable to the nonmovant, with all reasonable inferences indulged in that party's favor, Smith v. Stratus Computer, Inc., 40 F.3d 11, 12 (1st Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 1958 (1995); see also Woods v. Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir. 1994); Maldonado-Denis, supra, 23 F.3d at 581.

"In general . . . a party seeking summary judgment [is required to] make a preliminary showing that no genuine issue of material fact exists. Once the movant has made this showing, the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue."

3

National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)), cert. denied, ___ U.S. ___, 115 S. Ct. 2247 (1995).

> When a party fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party bears the burden of proof at trial, there can no longer be a genuine issue as to any material fact: the failure of proof as to an essential element necessarily renders all other facts immaterial, and the moving party is entitled to judgment as a matter of law.

Smith, supra, 40 F.3d at 12 (citing Celotex, supra, 477 U.S. at 322-23; Woods, supra, 30 F.3d at 259).

Although summary judgment is inappropriate when a trialworthy issue is raised, "[t]rialworthiness necessitates 'more than simply show[ing] that there is some metaphysical doubt as to the material facts.'" National Amusements, supra, 43 F.3d at 735 (quoting Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)) (alteration in National Amusements). Thus, "'[t]he evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve . . . .'" Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Accordingly, "purely conclusory allegations, . . . rank speculation, or . . . improbable inferences" may be properly

4

discredited by the court, id. (citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)), and "'are insufficient to raise a genuine issue of material fact,'" Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (quoting August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir. 1992)).

2.   The Duties Alleged

Plaintiff's complaint sets forth five distinct causes of action finding their basis in the tort concept of negligence. Under New Hampshire law,[1] "the standard of ordinary negligence imposes a duty of due care on the party that owes the duty." Caliri v. New Hampshire Dep't of Transp., 136 N.H. 606, 620 A.2d 1028, 1029 (1993) (citing Ouellette v. Blanchard, 116 N.H. 552, 553, 364 A.2d 631, 632 (1976)).  Defendant maintains that since the accident occurred inside the load area of plaintiff's tractor trailer, liability cannot be imparted due to its status as a property owner.

There is no claim for negligence in the absence of a duty, and "[w]hether a duty exists in a particular case is a question of law" to be decided by the court.  Walls v. Oxford Management

_____

[1]A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits.  See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Mottolo v. Fireman's Fund Ins. Co., 43 F.3d 723, 726 & n.1 (1st Cir. 1995).

5

Co., 137 N.H. 653, 656, 633 A.2d 103, 104 (1993) (citations omitted). Once the court has determined the existence of a duty of care and delineated the standard of care imposed by same, it is then left to the jury to "consider the separate question of whether the defendant breached that duty." Id., 633 A.2d at 104-05 (citing Young v. Clogston, 127 N.H. 340, 342, 499 A.2d 1007, 1008-09 (1985)).

"Claims for negligence 'rest primarily upon a violation of some duty owed by the offender to the injured party.'" Id. (quoting Guitarini v. Macallen Co., 98 N.H. 118, 118, 95 A.2d 784, 785 (1953)). Although "duty 'is an exceedingly artificial concept,'" id. (quoting Libbey v. Hampton Water Works Co., 118 N.H. 500, 502, 389 A.2d 434, 435 (1978)), "[a]s a general rule, 'a defendant will not be held liable for negligence if he could not reasonably foresee that his conduct would result in an injury or if his conduct could result in an injury or if his conduct was reasonable in light of what he could anticipate,'" id. (quoting Goodwin v. James, 134 N.H. 579, 583, 595 A.2d 504, 507 (1991)).

That the accident complained of herein occurred within, as opposed to without, plaintiff's trailer is of no relevant moment. "'The key factor to finding that a property owner owes no duty to an injured party is that *the owner has no control over the property where the injury occurred or the instrumentality causing*

6

*the injury.*'" Chouinard v. New Hampshire Speedway, 829 F. Supp. 495, 500 (D.N.H. 1993) (quoting Holter v. City of Sheyenne, 480 N.W.2d 736, 738 (N.D. 1992) (citing Jacobs v. Anderson Bldg. Co., 459 N.W.2d 384 (N.D. 1990))) (other citation omitted in Chouinard). In that the forklift as well as its operator were under TCA's control, the court finds and rules that TCA owed a duty of reasonable care in its operation of the forklift.

### 3. Sufficiency of the Facts

Of the five duties set out in plaintiff's complaint, the first four--duty to maintain a safe place of business; duty of safe operation of a motor vehicle; duty to maintain a safe premises; and duty of proper supervision of employees in the conduct of its business--all relate to defendant's reasonableness in operating the forklift. Whether defendant's conduct constitutes a breach of this duty is a matter for the jury to determine. See Walls, supra, 137 N.H. at 656, 633 A.2d at 104-05.

However, since it remains plaintiff's burden to demonstrate by preponderant evidence that a breach did in fact occur, see Douglas v. Connor, 108 N.H. 443, 445, 237 A.2d 686, 688 (1968), defendant argues that summary judgment in its favor is required because "[t]here is simply no evidence that TCA, or an employee

7

under its control, breached any duty to plaintiff that can give rise to negligence." Defendant's Memorandum of Law at 8 (citing Masse v. Commercial Union Ins. Co., 136 N.H. 628, 633, 620 A.2d 1041, 1045 (1993)).

It is indeed true that plaintiff has put forth no direct evidence linking the defendant to his injury. Plaintiff's case is built, rather, around circumstantial evidence and the evidentiary doctrine of res ipsa loquitur. For the doctrine of res ipsa loquitur to apply, "it is necessary that (1) the accident be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) other responsible causes are sufficiently eliminated by the evidence." Rowe v. Public Serv. Co., 115 N.H. 397, 399, 342 A.2d 656, 658 (1975) (citations omitted); see also Durocher v. Rochester Equine Clinic, 137 N.H. 532, 536, 629 A.2d 827, 830 (1993) (res ipsa loquitur "'is merely a rule identifying the elements of circumstantial evidence that are sufficient to get a plaintiff's case to the jury'" (quoting Cowan v. Tyrolean Ski Area, Inc., 127 N.H. 397, 400, 506 A.2d 690, 692 (1985))).

Defendant primarily contends that plaintiff's evidence fails to satisfy the third prong of the res ipsa loquitur matrix.

8

Taking issue with the opinion of plaintiffs' expert,[2] who opined that "[o]nce the load was properly stabilized, it could not have become dislodged absent faulty operator steering or control input," Affidavit of F. Richard Amirault, P.E. ¶ 3(d) (Attached as Exhibit C to Plaintiff's Supplemental Memorandum of Law), defendant counters that "Plaintiff is obligated to eliminate [the possibility that ordinary and normal vibrations and movement of a forklift could cause the load to fall] before he can invoke res ipsa loquitur," Defendant's Supplemental Memorandum of Law at 3. However, "'the plaintiff is not required to exclude all other possible conclusions beyond a reasonable doubt and it is enough that he makes out a case from which the jury may reasonably conclude that the negligence was, more probably than not, that of

---

[2]Defendant seeks, in the first instance, to have the opinion of plaintiff's expert excluded for untimely disclosure. Plaintiff disclosed their expert, F. Richard Amirault, to defendant on June 20, 1994, and indicated rather generally that he would testify as to premises liability. However, subsequent correspondence between the parties on June 30, 1995, indicates that plaintiff informed defendant that Mr. Amirault's report was not yet prepared as they (plaintiff and his expert) were still waiting "to see information on the Defendant's operation of its loading dock and operations of the forklift . . . ." June 30, 1995, Letter from Francis P. Driscoll, Esq., to Michael J. Sheehan, Esq. (attached as Exhibit A to Plaintiff's Second Supplemental Memorandum of Law). The court finds and rules that defendant was sufficiently put on notice of the subject of Mr. Amirault's testimony and further, whatever delay may have attended plaintiff's disclosure appears to be attributable, in large part, to defendant's own conduct during the course of discovery. Accordingly, the court declines defendant's invitation to exclude the affidavit of Mr. Amirault.

9

the defendant.'" Cowan, supra, 127 N.H. at 401, 506 A.2d at 693

(quoting RESTATEMENT (SECOND) OF TORTS § 328D, cmt. f (1965)); accord

Sargent v. Alton, 101 N.H. 331, 335, 143 A.2d 411, 414 (1958)

("The plaintiff is not required to disprove the existence of all

possible causes of his loss aside from the defendant's

negligence.") (citation omitted).

Thus, considering the evidence submitted in a light most

favorable to Bergquist, the court finds and rules that the

doctrine of res ipsa loquitur applies. Having identified a

possible cause of plaintiff's injury, one that posits liability

as against the defendant, the court is unable to say that no

reasonable juror could find in plaintiff's favor. Accordingly,

defendant's motion for summary judgment as to the first four

negligence counts must be and herewith is denied.


4. TCA as Insurer of Plaintiff's Safety

Bergquist finally alleges that TCA breached a duty of care

by "failing to insure the Plaintiff's safety." Complaint ¶ 29.

TCA argues that, under New Hampshire law, property owners are

neither "insurers [n]or guarantors of the safety of those who

enter [their] premises." TCA's Memorandum of Law at 5.

Rejecting the traditional graduated care construct, the New

Hampshire Supreme Court held that landowners "shall be governed

10

by the test of reasonable care under all the circumstances in the maintenance and operation of their property." Ouellette, supra, 116 N.H. at 557, 364 A.2d at 634. Thus landowners, when acting within the bounds of their property, have, in the least, a duty to act with reasonable care for the safety of others.[3]

The duty to act in a reasonable manner for the safety of others does not, however, equate with a duty to insure others' safety. See Kambour v. Boston & Me. R.R., 77 N.H. 33, 43, 86 A. 624, ___ (1913) ("The duty to take action to protect others from injury is not recognized as a legal obligation, in the absence of contract or some special relation."). Bergquist has not identified, and this court is unable to discern, a legally recognized duty which TCA owed him. "When there is no legal duty, there can be no breach of duty, and no finding of negligence." Sousa v. State Sweepstakes Comm'n, 119 N.H. 283, 285, 401 A.2d 1067, 1068 (1979) (citations omitted).

The court finds and rules that TCA is not required to insure plaintiff's safety per se, and thus is entitled to prevail as a matter of law with regard to Count 5. Accordingly, summary judgment in its favor must be and herewith is granted as to same.

---

[3]This element of care finds its application in TCA's duty to operate its forklift in a reasonable manner. See supra part 2.

11

## Conclusion

For the reasons set forth herein, defendant TCA's motion for summary judgment (document 38) is granted in part and denied in part. It is granted with regard to the alleged duty to insure plaintiff's safety (Count 5) and denied as to all others.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

January 4, 1996

cc:  Ronald E. Cook, Esq.
     Francis P. Driscoll, Esq.
     Steven M. Gordon, Esq.