Concord Litho v. Columbia House Co.   CV-98-005-JM  09/14/98

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

Concord Litho Group, Inc.

   v.                                            Civil No. 98-005-JM

The Columbia House Company, et al.


**O R D E R**

    Plaintiff, Concord Litho Group, Inc. ("Concord Litho") has brought an action against defendants including Columbia House Company ("Columbia House") to recover the price of goods and services provided under contracts for printing services for Columbia House's mail order business.  Defendants filed counterclaims for negligence and breach of contract to recover damages resulting from Concord Litho's printing of catalog covers with mismatched fronts and backs.  Before me is Concord Litho's Rule 12 motion to dismiss defendants' negligence counterclaim (document no. 16).  For reasons given below, the motion is granted.

**I. Background**

    The following facts are undisputed.  Concord Litho is a commercial printing company located in Concord, New Hampshire.  One of its customers, New York-based Columbia House, uses mailers with catalog inserts to market merchandise such as compact discs, cassettes, and videos, to customers throughout the United States.

In March 1997, Columbia House contracted with Concord Litho to print the two-sided covers of several versions of its spring 1997 music club catalogs, to be distributed to different classes of customers. Concord Litho did not design the artwork, layout, or copy for the catalog covers. Rather, Columbia House provided Concord Litho with blueprints and proofs for use in the printing job, and a third party contracting with Columbia House made films for Concord Litho's use on the project.

After receiving the blueprints, proofs, and films, Concord Litho prepared a set of blue line proofs for Columbia House's review. Columbia House reviewed and returned the proofs to Concord Litho. Concord Litho thereafter sent samples of the completed work to Columbia House and ultimately finished the entire job on March 31, 1997. The completed covers for millions of mailers, along with the remaining pages of the catalogs and inserts (printed by a third party), were subsequently bound and distributed.

After Columbia House began to distribute the music catalogs, it discovered that the fronts and backs of two versions of the catalog covers had been mismatched.[1] The mistake allegedly resulted in mail-order customer confusion and damages to Columbia

---

[1]According to Columbia House, one side of the cover included a "buy one, get one free" offer, while the other side included a different offer.

House, including lost sales and increased costs.

Columbia House did not pay Concord Litho for the covers. Moreover, Columbia House withheld payment to Concord Litho on various other print jobs, allegedly as a set off.

Concord Litho filed claims against Columbia House; its general partners, CH-Music Company and CH-Video Company; and their general partners, Sony Music Entertainment, Inc., and WCI Record Club, Inc., to recover the unpaid contract amounts. The amended complaint includes breach of contract, unjust enrichment, and promissory estoppel claims. Defendants have asserted counterclaims for negligence (count I) and breach of contract (count II), based on Concord Litho's alleged mismatching of the fronts and backs of the covers and alleged failure to check the films against the blueprints.

Concord Litho filed a reply to the counterclaims and a Rule 12 motion to dismiss the negligence counterclaim (count I). Defendants have opposed the motion. For reasons stated below, Concord Litho's Rule 12 motion is granted.

## II. Discussion

A Rule 12 motion filed after the pleadings have closed pursuant to Fed. R. Civ. P. 7(a) should be treated as a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings shall be granted if,

3

accepting all of the nonmovant's well-pleaded factual allegations as true and drawing every reasonable inference helpful to the nonmovant's cause, "'it appears beyond doubt that [the nonmovant] can prove no set of facts in support of [its] claim which would entitle [it] to relief.'" Rivera-Gomez v. de Castro, 843 F.2d 631, 635 (1st Cir. 1988) (citation omitted).

"It is a well-established principle that a simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated." Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 516 N.E.2d 190, 193 (N.Y. 1987). Accord Lawton v. Great Southwest Fire Ins. Co., 118 N.H. 607, 613, 392 A.2d 576, 580 (1978).[2] "'The determination of whether an action is on a contract or in tort is not controlled by the form of the action but by its substance.'" Roberts v. Richard & Sons, Inc., 113 N.H. 154, 156, 304 A.2d 364, 366 (1973) (citation omitted). See, e.g., Clark-Fitzpatrick, 516 N.E.2d at 194. A tort claim that simply duplicates a breach of contract claim should be dismissed. See New York Univ. v. Continental

---

[2]As a preliminary matter, defendants suggest that New York tort law, not New Hampshire law, should apply if there is a conflict. Without the parties' submission of relevant evidence, such as the contracts themselves, a conflicts of law analysis would be premature. (Concord Litho simply cites New Hampshire cases in support of its motion to dismiss, without undertaking a choice of law analysis.) In any event, as the discussion infra demonstrates, there is no difference between the two states' laws as to the pending motion. Because there is only a "false conflict" on the relevant issues, there is no need to perform a choice of law analysis. LaBounty v. American Ins. Co., 122 N.H. 738, 744, 451 A.2d 161, 164 (1982).

<u>Ins. Co.</u>, 662 N.E.2d 763, 770 (N.Y. 1995); <u>see also</u> <u>Lawton</u>, 118 N.H. at 614, 392 A.2d at 581 (upholding dismissal of tort count in breach of contract action).

The allegations underlying the negligence and breach of contract counterclaims are the same. Paragraph 10 in count I states that Concord Litho was "negligent in mismatching the fronts and backs of the catalog covers and failing to check the films against the blueprints." The claim in paragraphs 13 to 14 of count II relies on the same facts, with an additional allegation that Concord Litho "agreed" to perform those tasks. In substance, the negligence claim is based on an allegation that Concord Litho failed to perform its <u>contractual</u> duty properly, since there is no other specified source for the alleged duty set forth in the pleadings.

In their opposition to the motion, defendants contend that a tort-based duty arose out of the "longstanding relationship" between Columbia House and Concord Litho, "industry practice," and the reliance of Columbia House on Concord Litho's "expertise." While such factors may be relevant for the purpose of determining the intention of the parties regarding their agreement on the particular task, <u>see</u> 3 Arthur L. Corbin, <u>Corbin on Contracts</u> § 556, there is no authority for finding an obligation actionable in tort based on such factors with respect

5

to the contract for the printing of catalog covers.

In effect, defendants seek judicial extension of the tort duty implied in law that may arise, as a matter of policy, with respect to the performance of certain professional service contracts or the performance of contracts affected with significant public interest, to cover the issues in this case. Defendants' admission that Concord Litho did not prepare the design, layout, or copy for the printing job does not support an analogy with a professional service contract. Indeed, there are no allegations regarding either Concord Litho's expertise or Columbia House's reliance, other than a general allegation that Concord Litho was responsible for checking the films against the blueprints.

The state courts would not find a tort-based duty in this case. Defendants rely on Sommer v. Federal Signal Corp., 593 N.E.2d 1365 (N.Y. 1995), in which the New York court held that fire alarm contractors, responsible for monitoring alarms and notifying the fire department in case of fire, could be liable in tort for a failure to exercise due care. A key factor for the court was the "significant public interest" at issue, made apparent in the state's regulations on fire safety, see id. at 1370, as well as the potential for catastrophic consequences, factors not present in an action (such as this) involving only

6

private fiscal interests, see New York Univ., 662 N.E.2d at 768 (state rules governing insurers and protecting fiscal interests of insured "is simply not in the same league as the protection of personal safety of citizens"). There is no similar expression of public interest in any state regulations relating to the contract at issue. The potential for fiscal injury to a mail order company simply does not implicate any public interest concerns regulated by the states.

This case is more similar to Guitarini v. Macallen Co., 98 N.H. 118, 95 A.2d 784 (1953), in which the New Hampshire court determined that a contractor's employer owed no duty to the subcontractors to exercise reasonable care in making sure that the contractor could perform its fiscal obligations. An important consideration in Guitarini was that the subcontractor could anticipate the risk of financial loss, could avoid it, and could insure against it. Id. at 120, 95 A.2d at 786. By the same token, defendants and Concord Litho could anticipate, allocate, and protect themselves in their contract as to any losses resulting from misprinting.[3] Cf. THC Holdings Corp. v. Tishman, No. 93 Civ. 5393 (KMN), 1998 WL 305639, *4 (S.D.N.Y. June 9, 1998) (sophisticated parties to commercial contract had

---

[3]While I generally may not consider matters outside the pleadings in ruling on a Rule 12 motion to dismiss for failure to state a claim, I note that defendants have suggested that the contract at issue may in fact limit Concord Litho's liability.

no "'special relationship'" that might justify finding tort-based duties independent of their contractual obligations (citation omitted)) (New York law).

A further indication that defendants lack a remedy in tort is evident in the type of relief they seek. Defendants' damages are purely economic: essentially, lost profits and increased costs to supplement or replace the misprinted catalog covers.[4] Defendants are essentially seeking the benefit of the bargain, which is a remedy that they may seek solely under a contract theory. See Sommer, 593 N.E.2d at 1369; see also Roberts, 113 N.H. at 156, 304 A.2d at 366.

"Tort law should not be bent so far out of its traditional progressive path and discipline by allowing tort lawsuits where the claims at issue are, fundamentally and in all relevant respects, essentially contractual, product-failure controversies," where the losses claimed are purely economic. Bocre Leasing Corp. v. General Motors Corp., 645 N.E.2d 1195, 1199 (N.Y. 1995). See also Border Brook Terrace, 137 N.H. at 18,

_____

[4]Defendants' argue that their losses are not purely economic because the inside pages of the catalog and its sales potential were damaged because of the misprinted covers. This argument misses the mark. "Sales potential" is used in this context as a way of expressing lost profits, a type of economic harm. As to any harm to the remaining pages, my review on the motion for judgment on the pleadings is limited, and there are absolutely no allegations suggesting that the remaining catalog pages were physically injured. Cf., e.g., Border Brook Terrace Condo. Ass'n v. Gladstone, 137 N.H. 11, 19, 662 A.2d 1248, 1253 (1993) (because there were allegations of physical damage to interior and exterior spaces, homeowner's losses caused by builders' negligence were not purely economic).

662 A.2d at 1253 (generally no recovery in tort where losses are purely economic). "Tort law is not the answer for this kind of loss of commercial bargain." Bocre Leasing Corp., 645 N.E.2d at 1199. Accordingly, there is no basis for making Concord Litho liable in tort for the financial losses allegedly resulting from the performance of a contract to print mail-order catalog covers.

### III.  Conclusion

For the reasons given above, the motion to dismiss defendants' negligence counterclaim (document no. 16) is granted.

**SO ORDERED.**


_____
James R. Muirhead
United States Magistrate Judge

Date: September 14, 1998

cc:  Roy S. McCandless, Esquire
     Stephen H. Roberts, Esquire
     Charles Platto, Esquire

9