Hillsborough, {
Feb. 6, 1912. }

CHICKERING *v.* THOMPSON.

Where a stake is maintained by a licensee on land of the licensor in such manner as to constitute an unreasonable interference with an adjacent highway, the owner of the premises is not liable to a traveler who is injured thereby unless he knew of the obstruction in time to prevent the injury and had a legal right to enter for the purpose of removing it.

CASE, for personal injuries. Trial by jury. Transferred from the January term, 1911, of the superior court by *Mitchell,* J. At

the close of the evidence the defendant moved that a verdict be directed in his favor, on the ground that there was no evidence to warrant a finding of his negligence and due care on the part of the plaintiff.   The motion was granted, and the plaintiff excepted.

In December, 1899, the defendant leased a house to one Wells and gave him permission to occupy an adjacent vacant lot until it should be needed for other purposes.   In 1901, Wells drove a stake close to the sidewalk in front of the vacant lot, for the purpose of keeping children from intruding upon his lawn.   When the stake was first set Wells called the defendant's attention to it, was told by the latter that it was all right, and thereafter maintained it in position during the spring and summer months.   April 18, 1908, the plaintiff tripped upon the stake, fell to the ground, and received the injuries for which she seeks to recover.

*Hamblett & Spring*, for the plaintiff.

*Doyle & Lucier*, for the defendant.

YOUNG, J.   In the ordinary case, the test to determine whether it can be found that a landowner is in fault for an injury caused by a condition of his premises created by others is to inquire whether he knew or ought to have known of the condition in time to prevent the accident; and if he did, whether he could have entered legally to remedy it.   *Rockport* v. *Granite Co.*, 177 Mass. 246.   If he could not have entered legally for that purpose, it cannot be found that he is in fault (*Ingwersen* v. *Rankin*, 47 N. J. Law 18); but if he might, it may be found that he stands just as he would if he had created the condition complained of.   *Freeholders* v. *Company*, 74 N. J. Law 355.

As Wells' occupation of the vacant lot was that of a licensee, the defendant might have entered at any time to remove the stake. *Rockport* v. *Granite Co.*, *supra*.   Consequently it may be found that he is in fault, if maintaining such a stake in such a place for such a purpose was an unreasonable interference with the highway. If it is found that maintaining the stake was an unreasonable thing to do, it does not necessarily follow that the plaintiff can recover in this action.   The duty of not doing anything to interfere with the use of the highway was imposed on the defendant for the benefit of travelers, and not for those who might attempt to cross the vacant lot either with or without Wells' invitation.   *Towne* v. *Thomp-*

*son,* 68 N. H. 317; *Cate* v. *Blodgett,* 70 N. H. 316. So if the plaintiff was injured in going toward the back of the lot or in returning to the sidewalk she cannot recover; for there is no evidence that the defendant knew or ought to have known that travelers were in the habit of leaving the sidewalk at that point for that purpose. *Burrill* v. *Alexander,* 75 N. H. 554.

If it is conceded that the plaintiff knew Wells was maintaining the stake, it cannot be said as matter of law that she is in fault merely because she forgot about it. Neither can it be said it conclusively appears that she is in fault because she failed to see the stake in time to avoid coming in contact with it; for it might be found that it was so small and so near the color of the ground that it was not likely to attract attention.

<em>Exception sustained.</em>

All concurred.