GEORGE A. ORAM, JR. AND KATHRYN ORAM, PLAINTIFFS-APPELLANTS, v. NEW JERSEY BELL TELEPHONE COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued February 18, 1975—Decided February 28, 1975.

Before Judges MICHELS, MORGAN and CRANE.

*Mr. George J. Shamy* argued the cause for appellants (*Mr. Gerald Gordon* on the brief).

*Mr. Stephen L. Abbott* argued the cause for respondent (*Messrs. Toolan, Romond, Abbott & Domenichetti*, attorneys).

PER CURIAM. Plaintiffs, passengers in an automobile which collided with a telephone pole located two feet from the travelled portion of Route 27 in Franklin Township, New Jersey, appeal from an order granting summary judgment in favor of defendant New Jersey Bell Telephone Company.

The facts concerning the happening of this accident are free from dispute. The automobile in which plaintiffs were seated was proceeding south in the right-hand lane of Route 27, a four-lane highway, with two lanes in each direction. The paved portion of the roadway is 46 feet wide and the posted speed limit is 50 mph. The right of way is 60 feet wide. An unknown vehicle, also travelling south, but to the left of plaintiffs' vehicle, forced the latter off the roadway where it struck utility pole #61258 on its left front and left side.

Plaintiffs contend that the defendant was negligent in locating its utility pole approximately two feet from the travelled portion of Route 27 which in the area of the collision has no shoulder or curb, and represented that expert testimony would be submitted to support this contention. Defendant, on the other hand, denies its negligence and further contends that the admitted facts disclose that the location of the utility pole could not, as a matter of law, have been the proximate cause of the accident.

The trial judge concluded that the admitted facts negated the possibility of any actionable negligence on the part of the defendant. We agree.

It is admitted that the left front and left side of plaintiffs' vehicle collided with the pole in question. Thus, even had the pole been located more than two feet from the travelled portion of Route 27, a collision therewith would nonetheless have happened. In 4 *Blashfield Automobile Law* (3 ed. 1965), § 163.22 at 399, it is stated:

The placing of a pole too near the highway is not the proximate cause of an injury which resulted when the pole was struck by the left side of a car since, under the circumstances, the pole would have been struck by the car even if it were an additional four or five feet from the road.

See also, *Kulas v. Public Service Elec. and Gas Co.*, 41 *N. J.* 311 (1964).

■ Moreover, we agree with the conclusion of the trial judge that the undisputed facts disclose an absence of actionable negligence on the part of defendant in its placement of the utility pole in question. No telegraph or telephone company may erect utility poles upon, along, over or under any public road, street or highway without first obtaining permission by ordinance or resolution from the governing body of the municipality in which it is to be located, *N. J. S. A.* 48:17-9. As noted in *N. J. S. A.* 48:17-11:

They shall be located and constructed according to a plan showing the location, number and size of the poles, conduits and other fixtures to be approved by the governing body or board of freeholders before any work is begun. They shall be so placed as not to interfere with the safety or convenience of persons or vehicles traveling on any such street, road or highway.

A telephone company is thus not a free agent in the placement of its utility poles along a public road but must conform to the dictates of a local governing body expressed by way of ordinance with respect to the location of such poles.

■■ Apart from this, however, a telephone company is under no obligation of guarding against extraordinary exigencies created when a vehicle leaves the travelled portion of a roadway out of control. *Monaco v. Comfort Bus Lines, Inc.*, 134 *N. J. L.* 553 (E. & A. 1946). It need only anticipate ordinary travel which "contemplates an automobile being driven and kept on the roadway." *Monaco v. Comfort Bus Lines, Inc., supra* at 557. To require a telephone company to anticipate extraordinary occurrences, such as the one which gave rise to this accident, would be to require it to exercise extraordinary rather than ordinary care to prevent in-

juries. The duty imposed, however, is to provide for the usual and ordinary risks of travel. *Monaco v. Comfort Bus Lines, Inc., supra.*

Even with respect to obstructions intruding into the right of way, courts have not always found a suitable basis for liability. In *Lorentz v. Public Service Ry. Co.,* 103 *N. J. L.* 104, 109 (E. & A. 1926), plaintiff's driver struck the supporting column of an elevated railway located within the boundaries of the paved roadway. In affirming the dismissal of the complaint, the court stated:

> Structures of this kind, authorized by law and used to facilitate public travel, although they are physical obstructions to drivers of ordinary vehicles and perhaps to pedestrians, are, nevertheless not nuisances, and the public must take notice of them.

See also, *Murphy v. Asbury Park,* 139 *F.* 2d 888 (3 Cir. 1944), *cert.* den. 322 *U. S.* 735, 64 S. Ct. 23, 88 L. Ed. 1569 (1944), and *Delaware L. and W. R. Co. v. Chiara,* 95 *F.* 2d 663 (3 Cir. 1938), *cert.* den. 305 *U. S.* 609, 59 S. Ct. 68, 83 L. Ed. 387 (1938), both of which involved collisions with concrete structures located within the right of way.

In the recent case of *Southern Bell Telephone and Telegraph Co. v. Martin,* 229 *Ga.* 881, 194 *S. E.* 2d 910 (Sup. Ct. 1972), the court affirmed an order granting the defendant summary judgment in a suit instituted by a passenger injured when the vehicle in which she was riding collided with a telephone pole located outside the travelled portion of the road. The court noted that had the car remained on the road reserved for vehicular traffic, the accident would not have happend. See also, *Mattucci v. Ohio Edison Co.,* 79 Ohio App. 367, 73 *N. E.* 2d 809 (Ct. App. 1946) ; *Wood v. Carolina Tel. and Tel. Co.,* 228 *N. C.* 605, 46 *S. E.* 2d 717 (Sup. Ct. 1948) ; 3 *A. L. R.* 2d 6.

We therefore conclude that defendant could not have been held liable for locating its utility pole two feet from the travelled portion of Route 27 and that the trial judge properly granted defendant's motion for summary judgment.

Affirmed.