Belknap
No. 7807

WAYNE PAQUETTE

v.

NORMAN L. JOYCE & a.

October 24, 1977

*Wiggin & Nourie,* of Manchester, and *Gordon A. Rehnborg, Jr.* (*Mr. Rehnborg* orally), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden,* of Concord, and *Fred L. Potter* (*Mr. Potter* orally), for the defendants.

KENISON, C.J.  This is an action on the case brought by the plaintiff to recover damages for personal injuries arising out of an automobile accident that occurred on August 23, 1972. After the

writ was entered, the defendants filed a motion to dismiss on the grounds that the plaintiff's writ failed to state a cause of action. The case was submitted to a Master (*Leonard C. Hardwick*, Esq.) on an agreed statement of facts and the master recommended that the motion to dismiss be granted. The Court (*Batchelder*, J.) approved the master's recommendation and granted the motion. All questions of law raised by the motion to dismiss were reserved and transferred.

The facts agreed to by the parties are as follows: On August 23, 1972, the plaintiff was a passenger in a motor vehicle being operated in a northerly direction on White Oaks Road, a public highway in the city of Laconia, when the vehicle left its lane of travel, crossed the roadway and collided with a stump. The accident occurred at a point where the road curved sharply to the east. There was a traffic sign indicating that the highway so curved.

The defendants were the owners of the land abutting the highway at the location of the accident. When they acquired the premises in 1962 there was a tree located a little over six feet from the edge of the highway. In October of 1970 the defendants requested the city to remove the tree because of its deteriorated condition, but were advised that the city could not respond to their request for several years. Consequently defendants caused the tree to be removed leaving a stump about three feet high which was thereafter used as a decorative planter. The parties cannot agree whether the stump was located within the limits of the public way or within the defendants' premises.

Between the time the defendants first occupied the premises and October 1970, there were several occasions when vehicles left the highway and entered defendants' premises, on one occasion striking a tree and on another a fence maintained by the defendants. The parties did not agree whether any of these prior accidents involved the tree which had previously stood at the location of the stump.

■ The plaintiff's declaration alleged that the defendants negligently maintained the tree stump in a location within close proximity to the highway and that the defendants knew or should have known that the stump created an unreasonable risk to those using the highway. It is a question of law for determination by the court whether the defendants' conduct created such a foreseeable risk of harm to the particular plaintiff that defendants were under a duty to avoid it. *Deem v. Newmarket*, 115 N.H. 84, 333

A.2d 446 (1975); *Jelly v. LaFlame,* 108 N.H. 471, 238 A.2d 728 (1968); W. Prosser, The Law of Torts § 53 (4th ed. 1971).

In support of the proposition that the owner of land owes a duty to remove conditions that involve an unreasonable risk to users of the highways plaintiff relies on the Restatement of Torts (Second) § 368, which provides:

> *Conditions Dangerous to Travelers on Adjacent Highway.*
>
> A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidently brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who
>
> (a) are traveling on the highway, or
>
> (b) foreseeably deviate from it in the ordinary course of travel.

■ Our cases have adopted the position of the *Restatement* and have held a landowner liable when he creates or maintains structures or other artificial conditions which he should realize involve an unreasonable risk to those who foreseeably deviate from the highway. *Chickering v. Thompson,* 76 N.H. 311, 82 A. 839 (1912); *White v. Suncook Mills,* 91 N.H. 92, 13 A.2d 729 (1940); *Paine v. Hampton Beach Improvement Co.,* 98 N.H. 359, 100 A.2d 906 (1953).

The plaintiff's position is not that the defendants were under a duty to remove the tree that originally stood near the highway, apparently recognizing that the rule imposing liability on a landowner to travelers on the highway extends only to artificial conditions. Rather plaintiff contends that by cutting down the tree and leaving a stump defendants created and permitted to remain an artificial condition unreasonably dangerous to users of the highway.

■■ The defendants' conduct in removing the deteriorated tree and leaving a stump in its place did not involve an unreasonable risk to users of the highway. The tree stump had no greater propensity to cause harm to users of the highway in the ordinary course of travel than did the tree. Plaintiff argues that the defendants should have foreseen a danger because other cars had gone off the road in this proximity in the past. But the risk of impact with the object existed whether there was a tree or stump at the loca-

tion; the foreseeability of this hazard has no tendency toward imposition of a duty to refrain from cutting down the tree and permitting a stump to be maintained in its place.

■ Construing plaintiff's complaint most favorably it could be contended that the risk created by defendants' conduct was to reduce the visibility of the object. But even assuming that the obstacle now became less visible, this would not contribute to its propensity to cause harm. The stump was not hazardous because it presented a hidden trap to those who stray from the highway. *Compare White v. Suncook Mills,* 91 N.H. 92, 13 A.2d 729 (1940) (hole); *Durst v. Wareham,* 132 Kan. 785, 297 P. 675 (1931) (defective structure); *Louisville & N.R.Co. v. Anderson,* 39 F.2d 403 (5th Cir. 1930) (excavation). It was dangerous only to travelers six feet off the highway encountering it at sufficient speed to be injured by the impact, to whom the diminished visibility of the object would in most cases be irrelevant. We are not prepared to say that defendants' conduct introduced a risk that was appreciable enough to be foreseen and that would give rise to a duty to avoid.

Our cases and the cases from other jurisdictions will not support an extension of liability to the defendants in this case. In the cases where Restatement (Second) § 368 has been applied, the defendant either introduced an object in close proximity to the highway that was not there before, thereby increasing the risk of impact to travelers on or near the highway, *Chickering v. Thompson,* 76 N.H. 311, 82 A. 839 (1912) (stake); *Kubala v. Dudlow,* 17 Ill. App. 2d 463, 150 N.E.2d 643 (1958) (concrete abutments); *Weiss v. Holman,* 58 Wis. 2d 608, 207 N.W.2d 660 (1973) (pole), or created a condition that constituted a hidden trap to those who stray from the highway in the ordinary course of travel. *White v. Suncook Mills,* 91 N.H. 92, 13 A.2d 729 (1940) (hole); *Paine v. Hampton Beach Improvement Co.,* 98 N.H. 359, 100 A.2d 906 (1953) (raised sidewalk); *Durst v. Wareham,* 132 Kan. 785, 297 P. 675 (1931) (defective structure); *Louisville & N.R.Co. v. Anderson,* 39 F.2d 403 (5th Cir. 1930) (excavation). In this case the defendants did not either introduce a new object that increased the risk of impact to travelers, or create a hidden trap to those who stray from the highway in the ordinary course of travel. Where, as here, the landowners' conduct created no foreseeable danger to normal users of the highway the courts have sustained dismissal of the plaintiff's complaint. *North Little Rock Transp. Co. v. Finkbeiner,* 243 Ark. 596, 420 S.W.2d 874 (1967); *Boutelje v. Tanzian,* 142 Pa. Super.

275, 16 A.2d 146 (1940); *Frisch v. Texas*, 363 Pa. 619, 70 A.2d 290 (1950).

Plaintiff argues that our recent holding in *Ouellette v. Blanchard*, 116 N.H. 552, 364 A.2d 631 (1976), requires that this case go to the jury for determination of whether the defendants breached any duty owed to the plaintiff. *Ouellette* abolished the distinctions that had previously existed between invitee, licensee, and trespasser as the sole determinants of the standard of care owed by an occupier of land to an entrant, and held that henceforth owners and occupiers of land shall be governed by the test of reasonable care under all the circumstances in the maintenance and operation of their property. *Ouellette* did not purport to extinguish the court's function to determine whether the foreseeable risk and the relationship of the parties was such as to impose any duty of care at all upon the defendant for the plaintiff's benefit. We expressly stated that in some cases the plaintiff may be denied recovery as a matter of law. "Essentially the traditional tort test of foreseeability determines the liability or nonliability of the landowner in these cases. 'If the defendant could not reasonably foresee any injury as the result of his act, or if his conduct was reasonable in light of what he could anticipate, there is no negligence, and no liability.' W. Prosser, Law of Torts § 43 (4th ed. 1971)" *Id.* at 557–58, 364 A.2d at 634.

We conclude that the defendants could not reasonably foresee that their conduct would involve an unreasonable risk to travelers using reasonable care upon the highway, and that they breached no duty imposed by Restatement of Torts (Second) § 368 or our cases.

*Affirmed.*

All concurred.