Michael **COMFORT**, Plaintiff–Appellant,

v.

**ROCKY MOUNTAIN CONSULTANTS, INC., a Colorado corporation, Defendant–Appellee.**

No. 86CA1311.

Colorado Court of Appeals, Div. II.

Feb. 23, 1989.

Rehearing Denied April 13, 1989.

Richard D. Irvin, Dale E. Johnson, Boulder, for plaintiff-appellant.

Michael J. Pipis, P.C., Michael J. Pipis, Longmont, for defendant-appellee.

SMITH, Judge.

Plaintiff, Michael Comfort, was injured in a one-car accident. The car in which he was a passenger, travelling, at high speed, failed to negotiate a turn, left the highway, and crashed into a ditch which had been constructed on private property some twenty feet from the highway. He sued, *inter alia,* the property owner, Rocky Mountain Consultants, Inc., alleging that the ditch had been negligently constructed, and was not in conformity with plans previously approved by the City of Louisville. His general claim of negligence and of negligence *per se* were dismissed on summary judgment. Comfort appeals. We affirm.

### I.

Plaintiff initially contends that the trial court erred in concluding, as a matter of law, that a private landowner adjacent to a public roadway does not owe a duty to persons leaving the traveled portion of the roadway. We disagree.

A necessary element of a negligence action is the existence of a duty of care owed by the defendant to the plaintiff. The duty to exercise reasonable care extends only to foreseeable harm to foreseeable plaintiffs. *Leppke v. Segura,* 632 P.2d 1057 (Colo. App.1981); *see generally University of Denver v. Whitlock,* 744 P.2d 54 (Colo. 1987).

The issue whether a private landowner adjacent to a public roadway owes a duty to persons leaving the traveled portion of the roadway is an issue of first impression in Colorado. We adopt the rule that has been followed in a majority of the cases from other jurisdictions considering the issue have adopted in holding that an adjacent landowner in such an instance owes no such duty. *See Speigel v. Southern Bell Telephone & Telegraph Co.,* 341 So.2d 832 (Fla.Dist.Ct.App.1977); *Paquette v. Joyce,* 117 N.H. 832, 379 A.2d 207 (N.H.1977); *Oram v. New Jersey Bell Telephone Co.,* 132 N.J.Super. 491, 334 A.2d 343 (1975); *Tomassi v. Town of Union,* 412 N.Y.S.2d 842, 46 N.Y.2d 91, 385 N.E.2d 581 (1978); *Shapiro v. Toyota Motor Co. Ltd.,* 38 N.C. App. 658, 248 S.E.2d 868 (1978).

We also do not find the existence of a special relationship on which it would be appropriate to base a duty. *See Bittle v. Brunetti,* 750 P.2d 49 (Colo.1988).

We conclude, therefore, that, as a matter of law, there is no duty of a landowner to insure the safety of motorists who leave the traveled portion of the roadway.

### II.

Plaintiff also contends that, because the drainage ditch did not conform to the city building code, the trial court erred in ruling that defendant was not negligent *per se.* We disagree.

"Violation of a statute or ordinance constitutes negligence per se only if the injured party is a member of the class such statute or ordinance was designed to protect, and if the injury is of the type sought to be protected against." *Bittle v. Brunetti, supra; Largo Corp. v. Crespin,* 727 P.2d 1098 (Colo.1986).

Louisville Municipal Code 303(A) provides that: "Drawings and specifications shall be required for review and approval by the Department prior to issuance of a permit." Here, the plans for the ditch were submitted to, and approved by, the City of Louisville. Although the final construction of the ditch was not in conformance with the approved plans, plaintiff has failed to show that the ordinance was violated by this ultimate variance. Nor has plaintiff shown that the ordinance was designed to protect automobile passengers when the vehicle in which they are riding accidentally leaves the road. Absent such a showing in an area in which there is an established common-law no duty rule, automatic application of the negligence *per se* doctrine is inappropriate. *Bittle v. Brunetti, supra; Largo Corp. v. Crespin, supra.*

Judgment affirmed.

METZGER and MARQUEZ, JJ., concur.