Jason JACQUE, a protected and incapacitated person, By and Through his Guardian and Conservator, Ann DYER, Plaintiff–Appellant,

v.

PUBLIC SERVICE COMPANY OF COLORADO, Defendant–Appellee.

No. 93CA0419.

Colorado Court of Appeals, Div. C.

April 21, 1994.

As Modified on Denial of Rehearing June 30, 1994.

Certiorari Denied March 6, 1995.

Holme, Roberts & Owen, L.L.C., Daniel S. Hoffman, Boyd N. Boland, Walter H. Sargent, Denver, for plaintiff-appellant.

Kevin W. Hecht, Kutak Rock and Timothy J. Flanagan, Denver, for defendant-appellee.

Opinion by Judge TAUBMAN.

Plaintiff, Jason Jacque, through his guardian and conservator, appeals the summary judgment entered in favor of defendant, Public Service Company of Colorado (PSC). The judgment was premised on the trial court's ruling that PSC owed no duty to plaintiff in placing a utility pole ten feet from the paved portion of a 90–degree curve in a road. We affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

On March 4, 1990, as Jacque was riding as a passenger in a car driven by his sister, the vehicle failed to negotiate a curve, skidded off the road, and collided with a wooden utility pole erected by PSC. The right side of the car was demolished in the accident and Jacque suffered severe brain injury.

Investigation indicated that the sister was driving some 19 mph over the speed limit and that she had a blood alcohol level well over the legal limit set out in § 42–4–1202(1.5)(a), C.R.S. (1993 Repl.Vol.).

## I. Negligence *Per Se*

Jacque contends that the trial court improperly granted summary judgment in favor of PSC regarding his claim that PSC improperly placed its utility pole in violation of § 38–5–101, C.R.S. (1982 Repl.Vol. 16A), and thus was negligent *per se.* We disagree.

Section 38–5–101 provides, in pertinent part, that: "[S]uch lines of telegraph, telephone, electric light, wire, or power or pipeline shall be so constructed and maintained as not to obstruct or hinder the usual travel on such highway."

Negligence *per se* exists when a statute is violated and the statute was designed to protect the class of people of which the injured party is a member from the type of injury incurred. *Bittle v. Brunetti,* 750 P.2d 49 (Colo.1988).

Unrebutted deposition testimony by the Jefferson County line inspector indicated that the placement of the pole did not violate county standards. Even the guidelines which Jacque has urged are applicable indicate only that a 10–foot "clear zone" should have been provided for rural local roads. Reasonable drivers cannot be expected to stray very far off the roadway. *See* Restatement (Second) of Torts § 368 comment h (1965). Thus, the pole was not constructed and maintained so as to obstruct or hinder the usual traffic on the road.

Furthermore, the statute was designed to protect reasonably careful drivers who comply with the law. Courts in other states have concluded that deviations from or violations of the law do not constitute ordinary use of the roadway. *See Southern Bell Telephone & Telegraph v. Scogin,* 136 Ga. App. 318, 221 S.E.2d 203 (1975) (use of public streets and highways in a manner that violates the law is not ordinary use); *Vines v. Southwestern Mississippi Electric Power Ass'n,* 241 Miss. 120, 129 So.2d 396 (1961) (speeding automobile leaving the travelled portion of the roadway is not common use of the roadway).

We adopt the rationale set forth in these cases and hold that an intoxicated, speeding driver is not engaged in "usual travel" and, thus, is not within the class of persons intended to be protected by the statute. Drunk driving is in clear violation of the laws of the state. *See* § 42–4–1202, C.R.S. (1993 Repl.Vol. 17). Since plaintiff was a passen-

ger in a car driven by a drunk driver, this principle applies to him as well.

Accordingly, we conclude that PSC did not violate its statutory duty to construct and maintain its utility poles so that they do not obstruct or hinder the usual travel on the highway. We also conclude that plaintiff was not a member of the class intended to be protected under the statute. Thus, PSC was not negligent *per se.*

## II. Existence of a Legal Duty

Contending that PSC owed him a duty of care not to erect a utility pole where accidents were likely to occur or, alternatively, a duty to protect cars that might collide with that pole, Jacque also maintains that the trial court improperly granted PSC's motion for summary judgment. Alternatively, Jacque argues that summary judgment was improper because a disputed issue of material fact remains regarding the foreseeability of the accident. Because the trial court did not apply the proper legal test, we remand for further proceedings.

■ Summary judgment is a drastic remedy and is never warranted except on a clear showing that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of establishing the lack of a triable factual issue, and all doubts as to the existence of such an issue must be resolved against the moving party. A party against whom summary judgment is sought is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo. 1988).

■ Whether an actor owes a duty of due care to another is a question of law for resolution by the court. *Perreira v. State of Colorado,* 768 P.2d 1198 (Colo.1989).

■ In considering this question, the court must weigh various factors, including the risk involved, the foreseeability and likelihood of injury as weighed against the social utility of the defendant's conduct, the magnitude of the burden of guarding against injury or harm, and the consequences of placing the burden upon the defendant. Other considerations may also be relevant, depending on the circumstances of each particular case. *Taco Bell, Inc. v. Lannon,* 744 P.2d 43 (Colo. 1987).

■ A motion for summary judgment based upon an assertion of the lack of existence of a duty of due care is subject to the same standard of review as is any other motion for summary judgment. Thus, if the record evidence is insufficient to allow the court to determine the question of any of the factors as a matter of law, such motion must be denied. *Sewell v. Public Service Co.,* 832 P.2d 994 (Colo.App.1991).

The trial court relied exclusively on the holding in *Comfort v. Rocky Mountain Consultants, Inc.,* 773 P.2d 615 (Colo.App.1989) and cases cited therein. The trial court granted PSC's motion for summary judgment because it concluded that "PSC had no duty to anticipate where an intoxicated, speeding driver might leave the traveled portion of the roadway and place its utility poles accordingly."

In *Comfort,* a car failed to negotiate a turn and skidded into a privately owned ditch which ran along the road. A division of this court held that a ditch owner owed no duty to "insure the safety of motorists who leave the traveled portion of the roadway." *Comfort v. Rocky Mountain Consultants, Inc., supra,* at 616. There, no evidence of any other similar accidents or any other indicia of foreseeability was presented.

■ We conclude that the trial court's reliance on *Comfort v. Rocky Mountain Consultants, Inc., supra,* is in error. Simply because an accident occurs off the paved portion of a roadway, it does not follow that no duty of care exists. Indeed, as the Supreme Court pointed out in *Taco Bell,* whether a duty should be imposed in a particular case is essentially a question of fairness under contemporary standards. How that question is resolved depends on the facts of each case and how the factors are balanced to determine whether a legal duty exists.

Here, the trial court here did not balance the factors required to determine whether a

duty existed. Indeed, the only factor supported by affidavits or other evidence and discussed by the trial court was foreseeability.

Accordingly, that portion of the summary judgment on the issue of whether PSC owed Jacque a legal duty of care cannot stand and the cause must be remanded for disposition by the trial court upon consideration and entry of specific findings as to the five duty of care factors set out in *Taco Bell v. Lannon, supra.*

In applying the *Taco Bell* balancing test, the trial court may wish to allow the parties to submit additional evidence relative to the factors.

The judgment is affirmed insofar as it holds that PSC did not violate a statutory duty to plaintiff, and it is reversed insofar as it ruled that, as a matter of law, no duty of due care was owed to plaintiff by PSC relative to the placement of the pole at issue here. The cause is remanded for further proceedings on this latter issue consistent with this opinion.

DAVIDSON and KAPELKE, JJ., concur.