Merrimack
No. 2004-257

### DR. LELAND WHITE & a.

v.

### ASPLUNDH TREE EXPERT COMPANY

Argued: October 20, 2004
Opinion Issued: December 10, 2004

*Cook & Molan, P.A.*, of Concord (*Glenn R. Milner* and *Ronald E. Cook* on the brief, and *Mr. Milner* orally), for the plaintiffs.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Thomas Quarles* and *Pamela N. Morales* on the brief, and *Mr. Quarles* orally), for the defendant.

BRODERICK, C.J. The plaintiffs, Dr. Leland and Carol White, appeal and the defendant, Asplundh Tree Expert Company (Asplundh), cross-appeals an order of the Superior Court (*McGuire*, J.) granting Asplundh's motion for summary judgment on the plaintiffs' negligence action for personal injuries. We reverse and remand.

The record, viewed in the light most favorable to the plaintiffs, supports the following facts. In November 2001, prior to commencing tree trimming and removal activities in the area adjacent to power lines located along Route 103 in Warner, Asplundh obtained Dr. White's permission to do tree work on his property. On November 28, 2001, an Asplundh crew trimmed and cut trees on the Whites' property. The following day, when the plaintiffs returned to their home around noon after a morning trip, Asplundh was working on a State-owned strip of land situated between the plaintiffs' home and Route 103. Sometime before 1:00 p.m., Dr. White left his house and walked to Asplundh's work area, where he was struck in the head by a tree felled by the Asplundh work crew. The weather that day was inclement, with freezing rain and snow, and reduced visibility. As a result of the accident, Dr. White suffered fractured ribs and vertebrae, a blunt head trauma and a fractured clavicle.

The plaintiffs sued Asplundh, seeking damages for personal injury, loss of enjoyment of life and loss of consortium. Asplundh moved for summary judgment, arguing first, that based upon this court's holding in *Ouellette v. Blanchard*, 116 N.H. 552 (1976), it, as legal occupant of the State-owned land at the time the accident occurred, owed no duty of care to Dr. White because he had entered its work area despite directives that he stay away. Second, and alternatively, Asplundh argued that it was immune from

liability under RSA 212:34 (Supp. 2004) because Dr. White entered its work area with a purpose to engage in at least one of the several activities enumerated in the statute. The plaintiffs did not contest Asplundh's assertion that because it was legally occupying the State-owned land at the time of the accident, it was entitled to the same liability defenses available to owners of land. Rather, they argued that under *Ouellette*, the directives of an owner or occupier of land to stay away are not factors to be considered in determining whether a duty *existed* in favor of third parties, but should only be considered in determining if a duty was *breached*. The plaintiffs further contended that because material facts remained in dispute as to why Dr. White entered Asplundh's work area, Asplundh was not entitled to summary judgment on its statutory immunity claim.

The trial court granted Asplundh's motion for summary judgment, ruling, in relevant part:

> Dr. White argues ... that the holding in *Ouellette* abolishes the traditional classifications of invitee, licensee and trespasser, and [imposes a duty on all landowners] to use reasonable care under the circumstances with respect to all persons who enter their land. The Court agrees with the [plaintiffs'] statement of the law but finds as a matter of law that Asplundh used reasonable care under the circumstances and therefore, cannot be found liable for Dr. White's injuries.

(Citation omitted.) Having concluded that Asplundh had "satisfied its duty [of care]" to Dr. White, the trial court did not address Asplundh's immunity claim. The plaintiffs' motion for reconsideration was denied; in its ruling the trial court declined to rule on Asplundh's claim of immunity because there was "an insufficient factual basis to do so." This appeal followed.

The plaintiffs argue that the trial court erred in ruling that Asplundh had *satisfied* any purported duty of care to Dr. White because Asplundh's motion for summary judgment only contended that no duty of care *existed*. They further assert that it was error for the trial court to rule that Asplundh satisfied its purported duty because material facts were in dispute.

In its cross-appeal, Asplundh argues that although the trial court correctly determined that it did not breach any duty of care to the plaintiffs, the court erred in declining to grant summary judgment on the basis of Asplundh's immunity under RSA 212:34. Specifically, Asplundh contends that the record established that Dr. White entered its work area

with a purpose to engage in at least one of the several activities enumerated in the immunity statute.

When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Estate of Joshua T. v. State*, 150 N.H. 405, 407 (2003). If our review of the evidence does not reveal a genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the trial court's decision. *Id.* We review the trial court's application of the law to the facts *de novo. Id.*

To recover on a claim of negligence, a plaintiff must establish that a defendant breached its duty of care and that the breach proximately caused the claimed injury. *See Weldy v. Town of Kingston*, 128 N.H. 325, 330 (1986). Under New Hampshire law, for a landowner to owe a duty of care to a party entering his property, it must be reasonably foreseeable that injury may occur as a result of the landowner's conduct. *Kellner v. Lowney*, 145 N.H. 195, 198 (2000). Whether a landowner's challenged conduct created such a foreseeable risk of harm is a question of law. *Paquette v. Joyce*, 117 N.H. 832, 834 (1977).

To determine whether, once found, a duty of care has been breached, an examination of what reasonable prudence would demand under similar circumstances is required, *Weldy*, 128 N.H. at 330-31, because reasonable conduct under all the circumstances is the true test of due care, *Morse v. Goduti*, 146 N.H. 697, 699 (2001). In cases involving personal injuries on the property of another,

> [t]he character of and circumstances surrounding the intrusion will be relevant and important in determining the standard of care applicable to the landowner. When the intrusion is not foreseeable or is against the will of the landowner many intruders will be denied recovery as a matter of law. In other words, a landowner cannot be expected to maintain his premises in a safe condition for a wandering tramp or a person who enters against the known wishes of the landowner. Essentially the traditional tort test of foreseeability determines the liability or nonliability of the landowner in these cases. If the defendant could not reasonably foresee any injury as the result of his act, or if his conduct was reasonable in the light of what he could anticipate, there is no negligence, and no liability.

*Ouellette v. Blanchard*, 116 N.H. 552, 557-58 (1976) (quotations omitted).

Asplundh moved for summary judgment on two grounds: first, that it did not owe Dr. White a duty of care; and second, that it was immune from liability under RSA 212:34. Asplundh contends that as to the former, the trial court ruled only that it did not *owe* Dr. White a duty of care, and did not decide the related issue of whether Asplundh *breached* a duty of care. We disagree. The trial court specifically ruled that Asplundh "satisfied any duty it owed to Dr. White." Our reading of the trial court's ruling is that the trial court either decided or assumed that Asplundh owed Dr. White a duty of care, and then concluded that Asplundh was entitled to summary judgment because any duty it owed had been satisfied. While it would be proper for the trial court to determine whether Asplundh owed Dr. White a duty of care under the circumstances, *see Paquette*, 117 N.H. at 834, it was error, on the record in this case, for the trial court to grant summary judgment on the basis that Asplundh satisfied any such duty. That issue should have been left to the jury.

The record contains a number of items relevant to this appeal: (1) copies of witness statements to the police from John King, Dennis Aldrich and Nicholas Bishop, the Asplundh work crew at the scene of the accident on November 29, 2001; (2) written statements that King and Aldrich prepared after the accident; (3) excerpts of King's deposition; (4) excerpts from Carol White's deposition; (5) an affidavit of Dr. White; (6) excerpts from Dr. White's deposition; (7) portions of Asplundh's Foreman's Manual (manual); and (8) portions of the American National Standard for Arboricultural Operations—Pruning, Repairing, Maintaining, and Removing Trees, and Cutting Brush—Safety Requirements (ANS).

During her deposition, Mrs. White stated that she and her husband left their home at approximately 9:40 on the morning of the accident to visit their daughter. After they returned around noon, Dr. White remained inside for approximately thirty minutes. According to John King, however, he observed Dr. White walking in Asplundh's work area at approximately 10:30 on the morning of the accident and instructed him to leave. King reported that thirty minutes later he observed Dr. White in the work area once again, and approximately twenty minutes after that, saw Dr. White in the work area yet a third time, when the accident occurred.

In both his affidavit and deposition, Dr. White said that he had no memory of the events that occurred on the afternoon of November 29 after he worked on his computer and left his home, up to the point when he regained consciousness after the accident. Dr. White did not specify what time he left his house after returning home from his morning visit with his daughter. However, during his deposition, he denied approaching

Asplundh's work area on the day of the accident and being told, several times, that he had to leave.

The Asplundh manual, which is part of the record, requires that audible warnings be given before a crew starts an undercut or notch, before it begins a back cut or finish cut, and just prior to the time a tree starts to fall. Similarly, the ANS provides, in relevant part:

> Before commencing the back cut, there shall be a command such as "stand clear" from the arborist operating the chain saw and a response such as "all clear" from the workers supporting the removal operation. Pre-arranged, two-way hand signals may also be used.

Aldrich, who cut the tree that struck Dr. White, did not report in his statements that he gave audible warnings or that he used pre-arranged, two-way hand signals before making cuts in the tree. Indeed, Aldrich stated only that after making his first two cuts in the tree, he "walked up the bank to see if it was all clear" and, after ascertaining that it was, began making the back cut.

In its brief, Asplundh asserts that both Aldrich and King testified at their depositions that they exchanged two-way hand signals. Even assuming King and Aldrich testified at deposition as Asplundh describes, however, Aldrich's deposition was not part of the record before the trial court when it granted Asplundh's motion for summary judgment, and the excerpts of King's deposition that were part of the record do not contain any discussion of two-way hand signals.

The parties also contest the location of signs and cones Asplundh used on the day of the accident. Specifically, Asplundh states that its crew placed signs and cones "around [the] work area," but the plaintiffs argue that the signs and cones were placed on Route 103 around Asplundh's truck, for traffic purposes, and were not placed in or around the area where Asplundh was trimming and felling trees.

Finally, on the record before the trial court, it is uncertain where Dr. White was the last time any of the Asplundh employees saw him prior to the accident and who among the Asplundh employees on the site last saw Dr. White before he was injured. In addition, it is not clear exactly what the Asplundh employees did to check or clear the area before felling the tree that hit Dr. White or how certain they were that Dr. White was not in their work area when Aldrich made the back cut.

Asplundh argues that the record in this case supports its contention that no reasonable person could find it liable for the plaintiffs' injuries. We

disagree. Whatever the strength of the plaintiffs' claims against Asplundh, they present issues of material fact, which must be resolved by a jury.

Therefore, we hold that on this record, where the facts were not stipulated, the question of whether a duty of care was breached is for the jury to decide. Indeed, most, if not all, matters relating to the issue of breach are disputed or unresolved. Accordingly, the trial court erred in granting Asplundh's motion for summary judgment on the basis that Asplundh satisfied any duty of care it owed to Dr. White.

The trial court did not rule on the issue of whether Asplundh is immune from liability under RSA 212:34 because it found insufficient evidence upon which to do so. We agree, and therefore need not further address that issue on appeal.

*Reversed and remanded.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.