**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0222, <u>Dean Strang & a. v. Christmas Island Resort Condominium Association & a.</u>, the court on February 23, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiffs, Dean Strang and Audra Lewis, appeal an order of the Superior Court (<u>O'Neill</u>, J.) granting the defendants', Christmas Island Resort Condominium Association (Christmas Island) and Evergreen Harvard Group, LLC (Evergreen), motion for summary judgment. We vacate and remand.

The following facts are drawn from the trial court's orders, are supported by the summary judgment record, or are otherwise undisputed. Christmas Island is a condominium association. It retained Evergreen to provide property management services to its properties and grounds. The plaintiffs, a married couple, own a house in a development, Lake Houses of Christmas Island (Lake Houses), that abuts Christmas Island's property. The development and the Christmas Island condominiums are separated by a gated bridge, which connects the island, where the Christmas Island condominiums are located, to the mainland. Near the entrance to the bridge, on the mainland, and next to the plaintiffs' house — but on Christmas Island property — is a gazebo owned by Christmas Island, which is at the center of this dispute.

On Memorial Day 2018, Strang hung flower planters from hangers on the Christmas Island gazebo. In early June 2018, the Christmas Island Property Manager emailed the Lake Houses Board President asking the Board President to remind Lake Houses residents that "Christmas Island is private property for the exclusive use of the residents." The Board President forwarded this email to Lewis, who in her capacity as Lake Houses Board Secretary, sent an email to all Lake Houses residents reminding them that "anything over on Christmas Island was private property." Strang received this email. On July 6, 2018, when Strang stood on the gazebo bench to reach one of the hanging planters to water the flowers, the bench broke, causing him to fall and injure his left ankle. It is undisputed that the bench showed no readily observable manifestations of decay.

On January 22, 2020, the plaintiffs filed suit against the defendants sounding in negligence: that the defendants owed Strang a duty of care to

inspect or maintain the gazebo and breached that duty. Lewis also filed a loss of consortium claim against each defendant. The parties filed cross-motions for summary judgment. The trial court granted the defendants' motion, and denied the plaintiffs' motion, ruling that Strang "intruded on [Christmas Island's] property against its will" and, therefore, Christmas Island owed him no duty. The plaintiffs filed a motion to reconsider, which the trial court denied.

We review the trial court's grant of summary judgment de novo. Burnap v. Somersworth Sch. Dist., 172 N.H. 632, 636 (2019). Summary judgment is appropriate if, in the absence of genuine issues of material fact, the moving party is entitled to judgment as a matter of law. Id. When reviewing the trial court's rulings on cross-motions for summary judgment, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party. Franciosa v. Hidden Pond Farm, 171 N.H. 350, 354 (2018). To recover for negligence, the plaintiffs must show that the defendants owed a duty to Strang, the breach of which caused the injury for which he now seeks to recover. See Morse v. Goduti, 146 N.H. 697, 699 (2001).

On appeal, the plaintiffs contend that the trial court erred when it granted the defendants' motion for summary judgment on the basis that the defendants owed Strang no duty of care. Specifically, the plaintiffs argue that the trial court erred when it considered only the narrow question of the character of Strang's entry into the gazebo and failed to do a full premises liability analysis according to our precedent. See, e.g., Ouellette v. Blanchard, 116 N.H. 552, 557 (1976). Additionally, the plaintiffs argue that there are disputed issues of material fact that preclude summary judgment: (1) whether Strang, despite knowing the directives of Christmas Island, intruded on Christmas Island's mainland gazebo; and (2) whether the risk of harm and of Strang's injuries in relation to the "intertwined duty of care of the Defendants" was foreseeable. The defendants counter that there is no genuine issue of material fact as to whether Strang intruded on Christmas Island's property against its will, and that the defendants owed Strang no duty because it was not foreseeable that Strang's injury would occur as a result of the defendants' actions or inaction. We agree with the plaintiffs that the trial court erred when it failed to undertake a full premises liability analysis.

In order to prove actionable negligence, a plaintiff must establish that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach proximately caused the claimed injury. Estate of Joshua T. v. State, 150 N.H. 405, 407 (2003). With respect to landowners, we have long held that as a general rule all owners and occupiers of land are governed by the test of reasonable care under all of the circumstances in the maintenance and operation of their property. See Ouellette, 116 N.H. at 557. Ouellette laid out the following test for determining premises liability:

2

The character of and circumstances surrounding the intrusion will be relevant and important in determining the standard of care applicable to the landowner. When the intrusion is not foreseeable or is against the will of the landowner many intruders will be denied recovery as a matter of law. In other words, a landowner cannot be expected to maintain his premises in a safe condition for a wandering tramp or a person who enters against the known wishes of the landowner. Essentially the traditional tort test of foreseeability determines the liability or nonliability of the landowner in these cases.

Id.

Under our law, in order for a duty to exist on the part of a landowner, it must be foreseeable that an injury might occur as a result of the landowner's actions or inactions. Kellner v. Lowney, 145 N.H. 195, 198 (2000). Generally, persons will not be found negligent if they could not reasonably foresee that their conduct would result in an injury to another or if their conduct was reasonable in light of the anticipated risks. Id. Thus, duty and foreseeability are inextricably bound together. Id.

In determining whether the defendants owed Strang a duty, the trial court erred when it considered only whether Strang entered the gazebo against the will of Christmas Island. The character of Strang's entry upon Christmas Island's land is but one factor to be considered when determining whether the defendants owed Strang a duty. See, e.g., Ouellette, 116 N.H. at 557. Therefore, even if we assume in the defendants' favor that the trial court was correct in treating Strang as a trespasser, that conclusion, standing alone, is insufficient to reach the conclusion that the defendants owed him no duty.

Because we conclude that the trial court did not perform a complete premises liability analysis, we vacate the trial court's ruling that the defendants owed Strang no duty and remand. See Huguelet v. Allstate Ins. Co., 141 N.H. 777, 780 (1997) (vacating grant of motion to dismiss and remanding for trial court to determine in the first instance whether plaintiffs amended writ failed to state cause of action). On remand, the trial court should undertake a more robust and complete foreseeability analysis, determine whether the defendants owed Strang a duty, and if so, consider the nature and extent of that duty.

Vacated and remanded.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred; HICKS, J., sat for oral argument but did not participate in the final vote, see N.H. CONST. pt. II, art. 78.

**Timothy A. Gudas,
Clerk**